UNITED STATES of America,
Plaintiff–Appellee,

v.

James R. WAGNER, Defendant–
Appellant.

No. 96–2573.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 13, 1996.

Decided Dec. 26, 1996.

Rita Marie Klemp (submitted on briefs), Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

James R. Wagner, Sandstone, MN, Pro Se.

Ronald G. Benavides, Madison, WI, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.

POSNER, Chief Judge.

We write to clarify the standard for determining whether to accept a motion by a criminal defendant's lawyer to withdraw from representing the defendant on appeal on the ground that there are no nonfrivolous grounds for appealing. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Most of the case law concerns the adequacy of the brief that the lawyer is required to file in support of the motion, identifying the grounds that he might have raised in an appeal brief and explaining why they are frivolous. E.g., *id.* at 744–45, 87 S.Ct. at 1400–01; *McCoy v. Court of Appeals,*

486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Penson v. Ohio,* 488 U.S. 75, 81–82, 109 S.Ct. 346, 350–51, 102 L.Ed.2d 300 (1988); *United States v. Edwards,* 777 F.2d 364 (7th Cir.1985) (per curiam). Less explored, and the focus of this opinion, is how deeply we appellate judges must explore the record in the district court in order to determine whether to grant the motion.

An *Anders* motion is served on the defendant, and he has a chance to urge the court to deny it. *Anders v. California, supra,* 386 U.S. at 744, 87 S.Ct. at 1400, 7th Cir.R. 51(a). The defendant in this case did not file any response to the motion, and this could be taken as acquiescence in the motion—as a decision to abandon the appeal as hopeless. 7th Cir.R. 51(c). But since the defendant will ordinarily not be learned in the law, his failure to respond may reflect simply an inability to spot possible flaws in his lawyer's legal arguments. So we do not think it proper to attach conclusive weight to the client's failure to respond to an *Anders* motion.

The opposite extreme would be for us to comb the record even where the *Anders* brief appeared to be perfectly adequate, searching for possible nonfrivolous issues that both the lawyer and his client may have overlooked and, if we find them, appointing a new lawyer and flagging the issues we've found for him. We have done this on occasion, but have now concluded that it is not a sound practice. It makes this court the defendant's lawyer to identify the issues that he should be appealing on and to hire another member of the bar to argue the issues that we have identified. The defendant ends up in effect with not one appellate counsel but (if he is lucky) six—his original lawyer, who filed the Anders brief; our law clerk or staff attorney who scours the record for issues that the lawyer may have overlooked; a panel of this court that on the advice of the law clerk or staff attorney denies the *Anders* motion and appoints another lawyer for the appellant; the new lawyer. This is overkill, this six-lawyer representation of criminal defendants that we have described and today renounce; it gives the indigent defendant more than he could expect had counsel (whether retained or appointed) decided to press the appeal, since counsel's decision on which issues to raise on appeal would normally be conclusive. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Mason v. Hanks,* 97 F.3d 887, 893 (7th Cir.1996); *Sharp v. Puckett,* 930 F.2d 450 (5th Cir.1991). If after reviewing all the potential issues counsel decided to brief and argue only one, we would not scour the record looking for the other issues—all the other issues would be deemed waived. The *Anders* procedure implements the Sixth Amendment right of counsel, 386 U.S. at 742, 87 S.Ct. at 1398–99, a right to have counsel of minimum professional competence—not to have a committee of counsel including judges of the court of appeals.

And while in some cases the record-scouring or six-lawyer procedure will help the defendant, in others it will hurt him. Suppose the *Anders* brief discusses only sentencing issues, and it discusses them very responsibly and competently, but scouring the record we discover that there is a nonfrivolous—indeed a meritorious—issue concerning the validity of the defendant's guilty plea, and we appoint new counsel and direct him to brief the newly discovered issue and he does so and obtains a reversal of the conviction. The client may have pleaded guilty in exchange for a sentencing concession that he very much wants to retain and he may end up with a longer sentence if the plea is reversed and he repleads or stands trial, since the original plea bargain will have been rescinded by that reversal. Of course the new lawyer we appoint may obtain the client's agreement to waive the issue that we directed the lawyer to brief. But this will be a complicated business to explain to a lay person and some defendants may indeed end up inadvertently with longer sentences as a result of our well-meaning attempt to protect the defendant from his original—and in our example thoroughly competent—lawyer. The adversary system has merits that the record-scouring procedure that we have described overlooks.

Language in some opinions of the Supreme Court could however be taken to impose upon us this task of fine tooth combing the record. See, e.g., *Penson v. Ohio, supra,* 488

U.S. at 82–83, 109 S.Ct. at 350–51. But they are cases in which the *Anders* brief was inadequate on its face, so that the appellate court had either to deny the *Anders* motion forthwith or satisfy itself by a complete search of the record that there were indeed no nonfrivolous possible grounds of appeal. *United States v. Edwards,* 822 F.2d 1012 (11th Cir.1987) (per curiam), can be assimilated to these cases because the court thought counsel's compliance with *Anders* "minimal." *Id.* at 1013. If the *Anders* brief is not inadequate or minimal, if it shows that counsel has taken seriously his responsibility to search the record diligently for arguable grounds of appeal and advise the court of them, the court's duty is merely to determine whether counsel is correct in believing those grounds frivolous. *McCoy v. Court of Appeals, supra,* 486 U.S. at 442, 108 S.Ct. at 1903–04. The imposition of a broader duty on the court—a duty to identify grounds for appeal that neither the lawyer nor his client had thought worthy of bringing to the court's attention—would violate the principle mentioned earlier that counsel for indigent criminal defendants are not required to raise all nonfrivolous grounds for appeal even if so requested by the client.

█ The intermediate position, which we now adopt, is for the appellate court to be guided in reviewing the record by the *Anders* brief itself, provided that the brief is adequate on its face. (If it is not, we shall deny the *Anders* motion and either direct counsel to file a new brief or discharge counsel and appoint a new lawyer for the defendant.) If the brief explains the nature of the case and fully and intelligently discusses the issues that the type of case might be expected to involve, we shall not conduct an independent top-to-bottom review of the record in the district court to determine whether a more resourceful or ingenious lawyer might have found additional issues that may not be frivolous. We shall confine our scrutiny of the record to the portions of it that relate to the issues discussed in the brief. If in light of this scrutiny it is apparent that the lawyer's discussion of the issues that he chose to discuss is responsible and if there is nothing in the district court's decision to suggest that there are other issues the brief should have

discussed, we shall have enough basis for confidence in the lawyer's competence to forgo scrutiny of the rest of the record. The resources of the courts of appeals are limited and the time of staff attorneys and law clerks that is devoted to searching haystacks for needles is unavailable for more promising research.

█ In this case the defendant was sentenced to 18 months in prison following a plea of guilty to a federal firearms charge. His lawyer (a different lawyer from either of his two lawyers in the district court) has filed a 22–page brief discussing in a lucid and intelligent fashion, well supported by the pertinent portions of the record, several challenges that could be mounted to the voluntariness of the plea of guilty and explaining why none of them would have any arguable merit. A search of the trial record might turn up additional issues some of which had arguable merit, but for the reasons just explained we do not conceive that to be our function. The motion to withdraw is granted and the appeal is dismissed as frivolous.