124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald E. NELSON, Defendant-Appellant.
 No. 96-3212.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 24, 1997.
Decided July 1, 1997.
 
 Before RIPPLE, ROVNER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Donald Nelson pleaded guilty to one count of knowingly and intentionally distributing cocaine base ("crack"). 21 U.S.C. § 841(a)(1). As part of the plea agreement, he waived his right to appeal any sentence imposed by the district court. The district judge sentenced Nelson to a term of imprisonment of 130 months, a $3,000 fine, $2,700 in restitution, and five years of supervised release. His appointed appellate counsel has now filed a motion to withdraw on the ground that there are no non-frivolous grounds for appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Counsel has also filed a brief outlining the arguable bases for appeal and explaining why these grounds present no non-frivolous issues. Pursuant to Circuit Rule 51(a), Nelson was informed of his attorney's motion and his right to respond. He has not done so.
 
 
 2
 A review of counsel's brief indicates that he has diligently performed his duty to search the record for possible grounds of appeal. In addition, we conclude that his brief adequately discusses the issues. Therefore, we need review only those portions of the record that relate to the issues discussed in the brief to determine whether there are any issues that merit appeal. Wagner, 103 F.3d at 553. In the present case, however, our review is even more limited.
 
 
 3
 Nelson has not indicated that he wishes to withdraw his guilty plea. As such, there is no need for us to examine the validity of his conviction, thus leaving only his sentence to be reviewed. See Wagner, 103 F.3d at 552. However, Nelson waived review of his sentence in his guilty plea. Such waivers are enforceable so long as the defendant knowingly and voluntarily entered into the agreement. United States v. Wenger, 58 F.3d 280, 281-82 (7th Cir.), cert. denied, 116 S.Ct. 349 (1996). Our examination of the plea colloquy indicates that Nelson knowingly and voluntarily waived his right to appeal. Moreover, if his plea (or agreement to these terms) was made under improper conditions, his remedy would be the withdrawal of his plea (not this court's examination of his sentence). Cf United States v. Walker, 98 F.3d 944, 946 (7th Cir.1996). As we have said, Nelson has not indicated that he wishes to withdraw his guilty plea. Therefore, we will not review his sentence.
 
 
 4
 We address an additional issue. Counsel has pointed to the question of Congress' power under the Commerce Clause to enact 21 U.S.C. § 841(a)(1), the statute under which Nelson was convicted. This is a jurisdictional issue and was therefore not waived even by Nelson's knowing and voluntary guilty plea. But the reason we did not address Nelson's conviction was not the fact of his knowing and voluntary waiver but because he had not asked us to; absent an indication from the defendant that he wished to relinquish the deal that he made, we will not presume that he wishes to take such a course whereby he may be worse off. Wagner, 103 F.3d at 552. Moreover, a claim that Congress did not have power under the Commerce Clause to make criminal the distribution of crack would be frivolous. See United States v. Rogers, 89 F.3d 1326, 1338 (7th Cir.1996) ("[D]rug dealing is an economic activity that affects interstate commerce.").
 
 
 5
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.