124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felton D. BUSH, Defendant-Appellant.
 No. 96-3990.
 United States Court of Appeals, Seventh Circuit.
 Aug. 21, 1997
 
 Before CUMMINGS, BAUER and WOOD, Circuit Judges.
 ORDER
 MICHAEL M. MIHM, Chief Judge.
 
 
 1
 Felton Bush was convicted of possession with intent to deliver cocaine base in violation of
 
 
 2
 21 U.S.C. § 841(a)(1) and sentenced to 169 months' imprisonment. He filed a timely notice of appeal, but his attorney has filed a motion to withdraw and supporting no-merit brief Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Pursuant to Circuit Rule 51(a), Bush was informed of his attorney's action and his right to respond. He has not done so and the deadline has passed. We grant counsel's motion and dismiss the appeal.
 
 
 3
 In May 1996, Bush was arrested on an outstanding warrant for domestic battery. At the time of his arrest, he was found to be carrying a plastic bag containing six individually wrapped packets in his pants pocket. Later it was determined that two of the packets contained a total of 1.3 grams of powder cocaine, and the other four contained a total of 4.3 grams of crack cocaine. After receiving a Miranda warning, Bush admitted that he intended to sell the drugs found in his pocket. He pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).
 
 
 4
 At sentencing, the district court determined that Bush was a career offender under U.S. S.G. § 4B 1.1 after finding that Bush was at least 18 years old at the time of this offense, the offense was a drug felony and Bush had at least three prior felony drug convictions, Under 21 U.S.S.G. § 841(b)(1)(C), the maximum term for Bush's offense is 30 years, therefore, § 4B1.1 dictated a base offense level of 34. The district court allowed a three-level reduction for acceptance of responsibility, lowering the offense level to 31 and resulting in a sentencing range of 188-235 months. Bush requested a downward departure based on his belief that the career offender status greatly exaggerated the seriousness of his criminality. The district court denied the request because, although Bush was not a "high level dealer," he was a "persistent dealer." (Sent'g Tr. at 9.) Pursuant to U.S.S.G. § 5K1.1,[1] the government recommended a sentence of 169 months. The court accepted the government's recommendation and sentenced Bush accordingly.
 
 
 5
 In accordance with Anders and Wagner, counsel identifies and analyzes four claims Bush could raise in an appeal: Bush's plea was involuntary; the plea was not supported by a legally sufficient factual basis; the district court incorrectly calculated Bush's offense level under the career offender guideline; and the court improperly refused to depart downward.
 
 
 6
 After reviewing the change of plea hearing transcript, we agree with counsel that it would be frivolous for Bush to challenge his guilty plea. The district court clearly advised Bush of the constitutional rights he would waive by pleading guilty, the charge against him and the factual basis for the charge, and the minimum and maximum possible sentences. See United States v. Garcia, 35 F.3d 1125, 1132 (7th Cir.1994). Therefore, it would be frivolous to argue that the plea was involuntary. At the plea hearing, the government set forth facts sufficient to establish Bush's possession of crack cocaine and his intent to distribute it, and Bush admitted that the government's recitation of the facts accurately stated what happened. Again, it would be frivolous to challenge the factual sufficiency of the plea on appeal.
 
 
 7
 We also agree with counsel's assessment that any challenge to Bush's sentence would be frivolous. The district court correctly interpreted U.S.S.G. § 4B1.1 as requiring an offense level based on an enhanced rather than unenhanced statutory maximum. See United States v. LaBante, 117 S. Ct 1673, 1679 (1997). The court correctly calculated Bush's offense level at 34 based on his qualification for an enhanced maximum term of 30 years' imprisonment under 21 U.S.C. § 841(b)(1)(C), and not 32 based on the unenhanced statutory maximum of 20 years' imprisonment provided in the same section. Id. at 1678. Finally, it is clear from the sentencing transcript that the district court exercised its discretion in denying Bush's request for a downward departure and, therefore, we lack jurisdiction to review the court's decision. See United States v. Zaragoza, 117 F.3d 342, 345 (7th Cir.1997).
 
 
 8
 Because we agree that the potential grounds for appeal identified by counsel are frivolous, we GRANT the motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 Section 5K1.1 allows the government to recommend a downward departure for defendants who give substantial assistance to the authorities