129 F.3d 120
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel TAVARES-RAYAS, Defendant-Appellant.
 No. 97-2522.
 United States Court of Appeals, Seventh Circuit.
 Submitted October 14, 1997.*
Oct. 15, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois.
 Before CUMMINGS, MANION, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Manuel Tavares-Rayas pleaded guilty to entering the United States after deportation in violation of 8 U.S.C. § 1326 and was sentenced toi 70 months in prison. Tavares-Rayas' court-appointed counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because he considers an appeal to be without merit or possibility of success. Tavares-Rayas was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a) but failed to do so. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief. United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996); United States v. Tabb, Nos. 97-1306 & 97-1585, slip op. at 2 (7th Cir.Sept.22.1997). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Tavares-Rayas' counsel asserts that there are only two challenges which Tavares-Rayas conceivably could raise on appeal. First, he states that Tavares-Rayas could argue that the district court erred in enhancing his base offense level pursuant to U.S.S.G. § 2L1.2(b)(2), which provides for a 16-level increase if the defendant was deported after a conviction for an aggravated felony. Counsel notes that, at the time that Tavares-Rayas committed an armed robbery in August 1990, it was not an "aggravated felony" for purposes of statutorily enhancing a defendant's sentence under 8 U.S.C. § 1326.[1] Armed robbery was not categorized as an aggravated felony for purposes of the enhancement under 8 U.S.C. § 1326 until the enactment of the Immigration Act of 1990, Pub.L. No. 101-649, § 501(a), 104 Stat. 5048 (1990), which had an effective date of November 29, 1990.
 
 
 3
 However, counsel states that Tavares-Rayas' armed robbery conviction may still be used to enhance Tavares-Rayas' base offense level under U.S.S.G. § 2L1.2(b)(2). See United States v. Munoz-Cerna, 47 F.3d 207, 210-11 (7th Cir.1995) (concluding that while an attempted armed robbery committed in 1987 could not be classified as an aggravated felony for purposes of 8 U.S.C. § 1362(b)(2). it could be classified as an aggravated felony for purposes of enhancing the sentence 16 offense levels under U.S.S.G. § 2L1.2(b)(2)); see also United States v. Gonzalez-Portillo, 121 F.3d 1122, 1125-26 (7th Cir.1997). Note 7 to § 2L1.2 states that an "aggravated felony" includes any crime of violence as defined by 18 U.S.C. § 16. Under 18 U.S.C. § 16, a crime of violence is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." and includes armed robbery. See United States v. Brown, 962 F.2d 560, 563 (7th Cir.1993) ("The instant offense's conviction is a felony that is a crime of violence-armed bank robbery."). Because the 16 level enhancement of Tavares-Rayas' offense level was proper, an argument based on this ground would be frivolous.
 
 
 4
 Another possible issue for appeal identified by counsel in his Anders brief is whether the district court erred in declining to depart downward when imposing the sentence on Tavares-Rayas. Citing to a memorandum by the Attorney General stating that a two-level downward departure would be appropriate if an illegal alien conceded deportability and waived his rights to a deportation hearing, Tavares-Rayas requested the downward departure for having done so. See also United States v. Ramnath, 958 F.Supp. 99 (E.D.N.Y.1997). During sentencing, the court interpreted this request as one for substantial assistance under U.S.S.G. § 5K1.1 and stated that it would not depart downward because the government had not requested such a departure. However, counsel notes that a motion by he government was not necessarily required as the type of assistance asserted by Tavares-Rayas, specifically that the waiver would aid the Immigration and Naturalization Service in processing the case, is different from that governed by § 5K1.1.[2] See Ramnath, 958 F.Supp. at 103. The request for departure could have been made by the defendant pursuant to § 5K2.0, which permits the district court to impose a sentence outside the Guidelines range if the court finds aggravating or mitigating circumstances which are not adequately taken into account by the Guidelines. However, the district court stated in its sentencing order that even if the request were made under § 5K2.0, "the Court declines to depart on that basis in this case. Other than agreeing not to resist deportation, Defendant has not shown that he has assisted the Government or other law enforcement officials in any way." Dist.Ct. Order at 2. Because this court does not review discretionary decisions to refuse to depart downward, see United States v. Farouil, 1997 WL 526203, at * 7 (7th Cir. Aug. 26, 1997), an appeal based on this ground would be frivolous.
 
 
 5
 The same conclusion adheres to the third potential argument identified by counsel that the district court erred in not departing downward based on Tavares-Rayas' status as an alien. At sentencing, counsel requested a downward departure on the rationale that Tavares-Rayas faced a more severe incarceration because, as an illegal alien. he was not eligible to be placed in a minimum security prison or participate in home detention or community confinement at the end of his term of imprisonment. The district court made clear that it was exercising its discretion not to depart downward when it stated that "even if the Court has authority to depart from the Guidelines on the grounds Defendant suggests, the Court would decline to so in this case." Dist.Ct. Order at 2. Accordingly we may not review the district court's decision not to depart downward, Farouil, 1997 WL 52620, at * 7, and an appeal on this ground would be frivolous. In any event, this court has held that alien status is an inappropriate basis for departure in § 2L1.2 cases. See Gonzalez-Portillo, 121 F.3d at 1125; Farouil, 1997 WL 526203, at * 8.
 
 
 6
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P.34(a); Cir.R. 34(f)
 
 
 [1]
 8 U.S.C. § 1326(b)(2) provides for a maximum sentence of fifteen years if deportation of an alien followed an aggravated felony
 
 
 [2]
 Section 5K1.1 permits a downward departure on the government's motion for providing "substantial assistance in the investigation or prosecution of another person who has committed an offense."