129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simeon ALCANTARA, Defendant-Appellant.
 No. 97-1733.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 28, 1997.*
Decided Oct. 28, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before POSNER, Chief Judge, BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Simeon Alcantara, pursuant to a written agreement, pleaded guilty to conspiracy to possess and distribute approximately two kilograms of cocaine in violation of 21 U.S.C. § 846. The district court sentenced Alcantara to 63 months' imprisonment. Alcantara filed a timely notice of appeal, but his attorney has filed a motion to withdraw because, in counsel's opinion, there are no nonfrivolous issues for appeal Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir1996) Pursuant to Circuit Rule 51(a), Alcantara was notified of his attorney's action and his right to respond He has not done so and the deadline has passed We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 In 1992, Alcantara was arrested and charged with various drug-related crimes after he and his partner attempted to sell approximately two kilograms of cocaine to a government informant. Alcantara fled after his arraignment, but he was again arrested in 1996. He agreed to plead guilty to one count of conspiracy to possess with the intent to distribute cocaine in exchange for the government's recommendation that he receive a two-level reduction in his offense level for playing a minor role in the conspiracy. U.S.S.G. § 3B1.2(b). He also agreed to stipulate to an order of deportation in exchange for an additional two-level reduction. U.S.S.G. § 5K1. Finally, Alcantara agreed that a two-level increase for obstruction of justice was appropriate because he fled after his first arrest. U.S.S.G. § 3C1.1. After a thorough Rule 11 colloquy, the district court accepted Alcantara's guilty plea.
 
 
 3
 At the sentencing hearing, Alcantara requested a four-level reduction for playing a minimal role in the offense, U.S.S.G. 3B1.2(a), as opposed to the two-level reduction available to minor participants under § 3B1.2(b). The district court found that, although Alcantara was a minor participant, he was not a minimal participant. The court refused the additional two-level reduction because, with only two people in the conspiracy, Alcantara's role necessarily involved more trust and responsibility than if the conspiracy had involved many more people, and because Alcantara was present for each of three meetings during which the deal was being finalized. The district court also found that the large amount of drugs personally handled by Alcantara was contrary to the Guideline examples of minimal participants and, therefore, Alcantara was not qualified for the additional two-level reduction.
 
 
 4
 Counsel first states that Alcantara could challenge the voluntariness of his plea agreement based on his limited understanding of English The record shows that the district court conducted a detailed and extensive colloquy with Alcantara, in accordance with Federal Rule of Criminal Procedure 11. United States v. Kellum, 42 F.3d 1087, 1097 (7th Cir.1994). An interpreter was present during both the change of plea and sentencing hearings, and the record establishes that when Alcantara did not understand something the judge said, he asked about it. (See Tr. of Dec. 18, 1996 at 11-13.) The record. as it stands now, simply does not support an argument that Alcantara did not understand the rights he was waiving when he pleaded guilty. See United States v. Castillo, 965 F.2d 238, 242 (7th Cir1992). Moreover, Alcantara has not himself requested that we invalidate his plea A determination that a guilty plea was involuntary rescinds the plea agreement. This court has been reluctant to invalidate pleas based on written agreements absent the defendant's express request for fear that the defendant will lose valuable sentencing concessions he wishes to retain See Wagner, 103 F 3d at 552.
 
 
 5
 Counsel also suggests that Alcantara could challenge the district court's finding that he was not a minimal participant under USSG § 3B1.2. We review a district court's § 3B1.2 determination only for clear error. United States v. Trigg, 119 F.3d 493, 503 (7th Cir.1997). Here, the district court stated three reasons for denying Alcantara the additional two-level reduction for minimal participation Alcantara had a level of trust and responsibility inconsistent with minimal participation. Alcantara was present for each of the only three planning meetings, and the conspiracy involved a large amount of drugs contrary to the examples provided in the Guidelines. Any one of these reasons would have been sufficient. Therefore, this would be a frivolous ground for appeal.
 
 
 6
 Finally, counsel suggests that Alcantara could raise a claim of ineffective assistance of trial counsel based on trial counsel's mistaken belief that Alcantara was ineligible to receive a safety valve reduction under U.S.S.G. § 5C1.2. Counsel states that he learned of trial counsel's mistaken belief during private conversations with trial counsel, and that trial counsel is willing to provide an affidavit explaining his mistake. Clearly, this claim is unsupported by the district court record, and therefore is inappropriate for resolution on direct appeal. United States v. Brooks, Nos. 96-1377 & 96-1415, slip op. at 20-21 (7th Cir. Sept. 9, 1997).
 
 
 7
 After reviewing the Anders brief, we are convinced that counsel engaged in a thorough review of the record as required by United States v. Tabb, No. 97-1306, slip op. at 4-5 (7th Cir. Sept. 22, 1997). Further, counsel explained the nature of Alcantara's case and raised the sorts of issues we would expect from this type of case. Wagner, 103 F.3d at 553. Because we agree with counsel's assessment of the issues raised, we GRANT the motion to withdraw and DISMISS the appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a), Cir. R. 34(f)