129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joshua KIRKWOOD, Defendant-Appellant.
 No. 97-2221.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997.
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, 92 CR 763-2; Paul E. Plunkett, Judge.
 Before POSNER, BAUER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Joshua Kirkwood was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). We affirmed his conviction in United States v. Handford, 39 F.3d 731 (7th Cir.1994). Kirkwood filed a motion for a new trial under Federal Rule of Criminal Procedure 33 based on newly discovered evidence that one of the witnesses against him, Chad Evans, has since been convicted of committing two felonies: first degree murder and concealment of a homicide. Evans committed these crimes prior to testifying against Kirkwood. The district court denied the motion, and Kirkwood filed a timely notice of appeal. However, his attorney now seeks leave to withdraw because, in his opinion, there are no nonfrivolous grounds for appeal. United States v. Tabb, Nos. 97-1306 & 97-1585 (7th Cir. Sept. 22, 1997); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Kirkwood was notified of his attorney's action and his right to respond pursuant to Circuit Rule 5l(a); he has not done so. We grant the motion to withdraw and dismiss the appeal.
 
 
 2
 Kirkwood's attorney raises the only possible issue available in this appeal: that the district court abused its discretion in denying Kirkwood's motion for a new trial. Counsel correctly states that this argument would be frivolous because the newly discovered evidence Kirkwood relies upon is not material to the issue of his guilt. Rather, the fact that Evans is a murderer is relevant only to his credibility. Moreover, as our opinion in Handford demonstrates, even absent Evans' testimony, there was more than adequate evidence that Kirkwood committed the crimes for which he was convicted. United States v. Austin, 103 F.3d 606, 608-09 (7th Cir.1997) (newly discovered evidence justifies a new trial only if "the evidence ... (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal.").
 
 
 3
 Counsel's brief complies with the standards we announced in Wagner and Tabb. He discusses the nature of the case with care, while thoroughly and completely analyzing potential arguments for reversal. We agree with counsel that a challenge to the district court's denial of Kirkwood's motion for a new trial would be frivolous and, therefore, we GRANT the motion to withdraw and DISMISS the appeal.