139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Marcus EWING, Defendant-Appellant.
 No. 97-1846, 97-1847.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 19, 1998.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. Nos. IP 96-133-CR-01-T/F, IP 96-36-CR-02 John D. Tinder, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This motion to dismiss is before us for the second time. The first time, this court denied counsel's motion to withdraw and to dismiss the appeal because the supporting Anders brief was facially inadequate. See United States v. Wagner, 103 F.3d 551 (7th Cir.1996). This time, the Anders brief is sufficient. Because we agree with counsel that an appeal would be frivolous, we grant counsel's second motion to withdraw and dismiss the appeal.
 
 
 2
 Marcus Ewing was charged with bank robbery, 18 U.S.C. § 2213, and using and carrying a firearm during the bank robbery, 18 U.S.C. § 924(c). On the day before he was scheduled to plead guilty, Ewing escaped. He was recaptured and charged with the escape, 18 U.S.C. § 751. Pursuant to a written agreement, Ewing pleaded guilty to the original charges and the escape charge. The plea agreement contains the following provision: "[Ewing] knowingly and voluntarily waives his right to appeal on any ground, directly or collaterally, unless the Court should impose a sentence in violation of the law." (Plea Agreement at 6, p 15 (emphasis in original).) After determining that Ewing was not entitled to a reduction for acceptance of responsibility and enhancing his offense level for obstruction of justice, the district court sentenced him to: 120 months' imprisonnment for the bank robbery; a consecutive, 60-month term for the weapons violation; and a 60-month term for the escape, to run concurrently with the bank robbery sentence. Counsel's Anders brief is adequate on its face, therefore we confine our review to the issues raised by counsel in his brief.[1] Wagner, 103 F.3d at 553.
 
 
 3
 Ewing's guilty plea waives all nonjurisdictional challenges to his conviction. United States v. Adams, 125 F.3d 586, 588 (7th Cir.1997); United States v. McKenzie, 99 F.3d 813, 816 (7th Cir.1996). Counsel asserts no grounds to challenge the jurisdiction of the district court over Ewing's case. Thus, Ewing may only raise issues pertaining to his sentence. However, as counsel correctly states, Ewing knowingly and intelligently waived his right to appeal his sentence unless the sentence was in violation of the law. The record shows that Ewing understood this waiver to include any appeal based on the district court's application of the Sentencing Guidelines to his case. We enforce waiver provisions contained in plea agreements. United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir.), cert. denied, 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997); United States v. Barnes, 83 F.3d 934, 941 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996). Any argument that Ewing's sentence violates the law would be frivolous because the sentence is within the statutory maximum for robbery. United States v. Franz, 886 F.2d 973, 977 (7th Cir.1989); United States v. Missick, 875 F.2d 1294, 1301 (7th Cir.1989); 18 U.S.C. § 2113(a) (20-year statutory maximum).
 
 
 4
 For these reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 Pursuant to Circuit Rule 51(a), Ewing was notified of both of his attorney's motions to withdraw and of his right to respond. Although, Ewing did not filed a response to his attorney's second motion, and the deadline for filing has passed, he did respond to the first motion, raising exclusively challenges to the district court's application of the Sentencing Guidelines. Because Ewing does not wish to withdraw his guilty plea or allege a breach of the plea agreement, or add any arguments that would change our analysis of the motion to withdraw, we need not consider the claims raised in the response separately