142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jamie McINTYRE, Defendant-Appellant.
 No. 97-2794.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 12, 1998.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 96-20058, Harold A. Baker, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WALTER J. CUMMINGS, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jamie McIntyre pleaded guilty to three firearms violations: being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); manufacturing an unregistered firearm in violation of 26 U.S .C. § 5861(f); and possessing an unregistered firearm in violaiton of 26 U.S.C. § 5861(d). McIntyre's counsel filed a notice of appeal, but now seeks to withdraw because he believes that there are no non-frivolous grounds for review See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Pursuant to Circuit Rule 51(a), McIntyre was notified of his counsel's Anders motion and given the opportunity to respond, but he did not. Because counsel's Anders brief is adequate on its face, we limit our review of the record to the issues raised in counsel's brief. See United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 While on probation for a previous felony, Jamie McIntyre sold a rifle with a barrel less than 16 inches in length to an undercover state police officer. Police found two additional guns while executing a search warrant at McIntyre's residence. McIntyre was charged with three counts: being a felon in possession of a firearm, making a firearm with a barrel length under 16 inches, and possessing an unregistered firearm. McIntyre initially pleaded not guilty to the charges, but shortly thereafter he changed his plea to guilty. At sentencing, the government recommended a three-level deduction for acceptance of responsibility, which the district court granted. McIntyre asked for a downward departure pursuant to U.S.S.G. § 4A1.3 because his criminal history was significantly less serious than that of most defendants in his criminal history category. The district court refused to grant the departure, and sentenced McIntyre to 30 months' imprisonment (the bottom of his guideline range), and 3 years' supervised release. The government asked that McIntyre be allowed to self-report in order to continue to assist law enforecement, but the district court refused the request.
 
 
 3
 McIntyre filed a notice of appeal to contest his sentence only, and has made no attempt to withdraw his plea. Thus, we will consider the potential arguments raised by counsel that relate to McIntyre's sentence. The only argument against the sentence that McIntyre raises was that he was entitled to a downward departure under U.S.S.G. § 4A1.3. This court has no jurisdiction to review a district court's decision to refuse to grant a departure, unless the refusal "resulted from the sentencing court's erroneous belief that it lacked statutory authority to depart." United States v. Jarrett, 133 F.3d 519 (7th Cir.1998). The record indicates that the judge exercised his discretion when denying the downward departure, and thus any appeal on this point would be frivolous.
 
 
 4
 The last potential issue raised by counsel is the trial judge's refusal to allow McIntyre to self-report to the penitentiary after sentencing. However, since we find no non-frivolous issues to appeal from either the plea or sentence, this issue is moot. See United States v. Peden, 891 F.2d 514, 520 (5th Cir.1989) (decision to affirm moots issue of denial of release pending appeal). As there are no non-frivolous issues to appeal, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.