142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Anthony WILSON, Defendant-Appellant
 No. 97-1256.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 12, 1998.
Decided Apr. 1, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 95 CR 40041 Michael M. Mihm, Chief Judge.
 Before Hon. RICHARD A. POSNER, Hon. WALTER J. CUMMINGS, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Wilson pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute cocaine and to possess cocaine with the intent to distribute in violation of 18 U.S .C. § 841(b)(1)(A). As part of the plea agreement, Wilson agreed to waive any appeal to "any sentence within the statutory maximum provided in the statute of conviction." The government moved to dismiss this appeal pursuant to the plea agreement. Subsequently, Wilson's counsel filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that there are no non-frivolous grounds for review. Wilson was notified of his counsel's Anders motion and given the opportunity to respond pursuant to Circuit Rule 51(a), but he did not. Because counsel's Anders brief is adequate on its face, we limit our review of the record to the issues raised in counsel's brief. See United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 A valid sentencing appeal waiver is enforceable. See United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir.), cert. denied, 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997). To be valid, the terms of the waiver must be "express and unambiguous," and the waiver must be "knowing and voluntary." United States v. Woolley, 123 F.3d 627, 631 (7th Cir.1997) (citations omitted). The appeal waiver states that "the defendant knowingly waives the right to appeal any sentence within the statutory maximum" and "also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack..." This language is clear and unambiguous. The record shows that the defendant signed the appeal waiver voluntarily after discussing its ramifications with his attorney. Thus, Wilson's sentencing appeal waiver is enforceable, and Wilson has waived any appeal based on the incorrect application of the sentencing guidelines. See Feichtinger, 105 F.3d at 1190.
 
 
 3
 The statutory maximum sentence for a violation of 18 U.S.C. § 841(b)(1)(A) is 40 years' imprisonment, a $2 million fine, and 5 years' supervised release. Wilson received a sentence well within the statutory maximum. Counsel has identified two potential issues for appeal--the drug quantity attributable to Wilson and the 2-level enhancement Wilson received for obstruction of justice--but both of these issues are waived by the valid sentencing appeal waiver. Therefore, any appeal on these grounds would be frivolous.
 
 
 4
 Finally, we note that counsel indicates in a footnote that Wilson told his trial counsel (who was different than counsel on appeal) that he wished to "seek redress" for ineffective assistance of counsel. Counsel states that "[w]hile there is some indication that this issue could be a viable one if it were more fully developed, there is not sufficient evidence in the record to raise it on direct appeal." Therefore, counsel did not discuss this ground.
 
 
 5
 Counsel's comment is curious because generally, an attorney may not withdraw from a case that presents an issue he believes "could be viable." See Penson v. Ohio, 488 U.S. 75, 82, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). However, we have indicated that ineffective assistance of counsel claims are better suited for collateral review, because evidence of ineffective assistance is often outside of the trial record and thus unavailable on direct appeal. See United States v. Woolley, 123 F.3d 627, 634 (7th Cir.1997). Because Wilson can raise any potential ineffective assistance claim on collateral review (if not barred by the sentencing appeal waiver), and our review of the record does not belie counsel's statement that there is insufficient evidence in the record to support such a claim, we agree that this issue is better left for collateral review.
 
 
 6
 Because there are no non-frivolous issues to appeal, we therefore GRANT counsel's motion to withdraw, and DISMISS the appeal.