

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2004

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Jones" (2004). *2004 Decisions.* Paper 144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4598

UNITED STATES OF AMERICA

v.

DONALD JONES,
a/k/a HAFIZ SHABUR

Donald Jones,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 02-cr-00244-1
District Judge:  The Honorable Berle M. Schiller

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2004

Before: ROTH, BARRY, and CHERTOFF, <u>Circuit Judges</u>

(Opinion Filed: November 8, 2004)

OPINION

BARRY, <u>Circuit Judge</u>

Donald Jones was charged with being a convicted felon in possession of a firearm

in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He pled guilty, and was sentenced to 180 months imprisonment and five years of supervised release.

Jones, *pro se,* appealed the judgment of sentence, and trial counsel was appointed to represent Jones on appeal. After reviewing the record, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), requesting permission to withdraw because he was unable to discern any non-frivolous issues for review. Jones was subsequently provided notice of his counsel's desire to withdraw. He has not filed a *pro se* brief.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We will grant counsel's motion to withdraw and will affirm the judgment of sentence.

**I.**

When counsel submits an Anders brief, we must perform a two part inquiry. First, we must determine whether counsel has satisfied L.A.R. 109.2(a). *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001). To discharge his duty pursuant to L.A.R. 109.2(a), counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." *Id.* Although counsel is not required to raise and reject every possible claim, he still must conscientiously examine the record. *Id.*

Second, we must be satisfied that our independent review of the record does not reveal any non-frivolous issues. *Id.* If the Anders brief appears adequate on its face, "the

2

proper course 'is for the appellate court to be guided in reviewing the record by the Anders brief itself.'" *Id.* at 301(quoting *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996)). We conclude that the Anders brief is adequate and, thus, it guides our independent review of the record. *See Youla,* 241 F.3d at 301.

## II.

As required by *Anders*, Jones' counsel has highlighted portions of the record that could putatively support an appeal. Counsel has identified two possible issues: (1) the District Court's refusal to continue the sentencing hearing in order to clarify Jones' criminal record; and (2) the District Court's decision to apply 18 U.S.C. § 924(e). After reviewing the record, we agree with counsel that these issues are frivolous.

In his Anders brief, counsel explained that, prior to the sentencing hearing, he had moved for a continuance in order to determine whether Jones had two or three felony drug convictions. At the sentencing hearing, however, it became apparent that a continuance was not necessary because counsel had been provided with certified copies of Jones' convictions, counsel and Jones had reviewed those records and stipulated to them, and the Assistant U.S. Attorney answered to counsel's satisfaction any questions concerning those records. Any need to delay the sentencing was obviated, and the District Court did not abuse its discretion when it denied the request for a continuance that counsel had previously made.

Second, the District Court correctly applied 18 U.S.C. § 924(e). While Jones

3

claimed that he only recalled two prior felony drug convictions, certified copies of three such convictions were produced.

For the reasons stated above, we will grant counsel's request to withdraw and will affirm the judgment of sentence.