NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014
Decided July 2, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1223

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>ANTHONY MONEYHAM,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 11 CR 299-1<br><br>James B. Zagel,<br>*Judge.* |

**O R D E R**

Anthony Moneyham appeals his 128-month sentence for distributing heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. His appointed attorney asserts that the appeal is frivolous and seeks to withdraw under the principles of *Anders v. California*, 386 U.S. 738, 744 (1967). Moneyham opposes counsel's motion using the procedure set forth in Circuit Rule 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects identified

in counsel's brief and Moneyham's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996).

In July 2010 Moneyham sold two grams of heroin to a confidential informant and was charged with one count of distributing heroin. After his arrest he admitted to police that he supervised drug sales for his gang for more than 90 days during which he daily sold about 60 bags of heroin at $5 apiece. He pleaded guilty to selling two grams of heroin.

In its version of the offense submitted for purpose of the presentence report, the government sought to have the uncharged heroin sales counted at sentencing. According to the government's estimates, each $5 bag of heroin admittedly sold by Moneyham contained 0.1 grams of heroin. Daily sales of 60 bags for 90 days thus amounted to 540 grams that the government contended should be taken into account at sentencing. The probation officer agreed with the government and in the presentence investigation report accepted the government's drug quantity figures. *See* U.S.S.G. § 1B1.3(a)(2). With that quantity, Moneyham's guideline range was 110 to 137 months in prison. The district court adopted these calculations and sentenced Moneyham to 128 months in prison.

Counsel explains that Moneyham wishes to challenge his guilty plea as unknowing because, despite being assured during the plea colloquy that he faced no statutory minimum penalty, he was told at sentencing that his statutory minimum was five years. But counsel properly concludes that any challenge would be frivolous because the district court was correct when it told Moneyham at the colloquy that he faced no statutory minimum penalty. *See* 21 U.S.C. § 841(b)(1)(C). It is true that the court's counting of the 540 grams of heroin raises a possible issue under *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), because that quantity was not alleged in the indictment or admitted by Moneyham in his plea. That issue involves sentencing (a clearly harmless error addressed below), and not the adequacy of the plea hearing.

Counsel next considers whether Moneyham could challenge the drug quantity calculation but properly determines that any challenge would be frivolous. In the district court, Moneyham offered no evidence to dispute the government's figure of 540 grams—accepted by the probation officer in the PSR—based on its estimate of the amount of heroin in each of his $5 bags. The district court was free to rely upon the estimates in the PSR to conclude that Moneyham had distributed 540 grams of heroin. *See* U.S.S.G. § 2D1.1 cmt. n.5 (court "shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled

substances by the defendant, and the size or capability of any laboratory involved."); *United States v. Meherg*, 714 F.3d 457, 459 (7th Cir. 2013) (court may rely on information in PSR if it is well-supported and appears reliable); *United States v. Corral*, 324 F.3d 866, 872 (7th Cir. 2003) (court may determine drug quantity partially or entirely based on defendant's admission).

Counsel also considers whether Moneyham could challenge his sentence on grounds that the district court unconstitutionally subjected him to an enhanced statutory penalty based on uncharged heroin sales that were neither alleged in the indictment nor admitted at the plea hearing. *See Alleyne*, 133 S. Ct. at 2155. The district court followed controlling Supreme Court precedent at the time of sentencing and held that the sentence was subject to a 5-year mandatory minimum. The district judge wisely anticipated the possibility that *Alleyne*, which was then pending in the Supreme Court, might modify the governing standards. As things turned out, under the Supreme Court's later decision in *Alleyne*, the statutory penalty could be based only on the two grams of heroin that Moneyham pleaded guilty to distributing, and not the 540 grams of uncharged additional heroin sales. *Id.* at 2163. Two grams would yield a statutory range with no mandatory minimum and a maximum of 20 years in prison. *See* 21 U.S.C. § 841(b)(1)(c). But we agree with counsel that *Alleyne* the error was harmless because the judge anticipated that ruling and said with unmistakable clarity at sentencing that he would have imposed the same sentence even if the 5-year statutory minimum did not apply.

Both counsel and Moneyham consider whether he could challenge his sentence under *Alleyne* because the district court counted the uncharged heroin sales as relevant conduct under the guidelines. Any such challenge would be frivolous because *Alleyne* does not apply when a judge finds facts to increase the advisory guidelines range rather than the mandatory statutory maximum or minimum. *See Alleyne*, 133 S.Ct at 2163; *United States v. Volpendesto*, 746 F.3d 273, 296 n.8 (7th Cir. 2014); *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014). It would also be frivolous to assert that the uncharged heroin sales were not relevant conduct because Moneyham admitted in his post-arrest statement that he regularly sold heroin and that the uncharged sales occurred at the same location, during the same time period, and involved the same drug as the charged offense. *See* U.S.S.G. § 1B1.3 cmt. n.9(A); *United States v. Singleton*, 548 F.3d 589, 592–93 (7th Cir. 2008) (district court properly concluded that uncharged sales of same drug at same location were relevant conduct based on defendant's testimony and PSR).

Counsel finally considers whether Moneyham could challenge the adequacy of the district court's assessment of the sentencing factors under 18 U.S.C. § 3553(a), but properly

concludes that this challenge would be frivolous. The district judge was not required to discuss the § 3553(a) factors comprehensively when imposing the within-guidelines sentence, *see Rita v. United States*, 551 U.S. 338, 356 (2007), particularly because the case was relatively straightforward, the defendant did not articulate meaningful arguments in mitigation, and the government addressed the § 3553(a) factors at sentencing.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.