NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019
Decided February 26, 2019

*Before*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1018

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>DAVID SIMPSON,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois.<br><br>No. 13-30056-001<br><br>Sue E. Myerscough,<br>*Judge.* |

**O R D E R**

In *United States v. Simpson*, 864 F.3d 830, 834–36 (7th Cir. 2017), we vacated the district court's denial of David Simpson's motion for a new trial based on trial counsel's alleged ineffectiveness in failing to investigate and call three witnesses who had potentially exculpatory evidence regarding his drug charges, and remanded for an evidentiary hearing. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). On remand, the district court conducted an evidentiary hearing, but Simpson called only one new witness, whose testimony the district court found to be incredible and inconsistent with Simpson's testimony at trial. Near the end of the hearing, Simpson—fearing the potential consequences of a resentencing—sought to withdraw his motion for a new trial. The

district court took judicial notice of his request but denied the motion on its merits. Simpson has now filed a second notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Simpson has responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the only issue raised by counsel and Simpson. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel considers whether Simpson could challenge the denial of his motion for a new trial, but appropriately concludes that the challenge would be frivolous. As counsel explains, the court's adverse credibility findings regarding the witness foreclosed any attempt Simpson could make to establish that he was prejudiced by trial counsel's failure to investigate potentially exculpatory witnesses. At the evidentiary hearing, Simpson called only one new witness, whose testimony the district court rejected because it contradicted Simpson's trial testimony and corroborated, rather than undermined, the evidence supporting Simpson's conviction. We will vacate a district court's credibility finding only if "we are left with the definite and firm conviction that a mistake has been made." *United States v. Smith*, 674 F.3d 722, 728 (7th Cir. 2012) (quoting *United States v. Johnson*, 489 F.3d 794, 796 (7th Cir. 2007)). We cannot, therefore, conclude that the district court clearly erred in finding that Simpson was not prejudiced by failing to have this witness testify at his trial. Accordingly, we agree with counsel that any challenge to the district court's decision to deny Simpson's motion for a new trial would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.