165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lyle M. RANK, Defendant-Appellant.
 No. 98-1373.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1998.*
Decided Nov. 24, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 97-CR-0070-C-01. Barbara B. Crabb, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 On August 6, 1997, a federal grand jury returned a one-count indictment against Lyle Rank, charging him with embezzling labor organization funds in violation of 29 U.S.C. § 501(c). Rank pleaded guilty pursuant to a written plea agreement and was sentenced by the district court to nine months' imprisonment and three years' supervised release. Rank's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because he considers an appeal to be without merit or possibility of success. Rank was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), but he has not availed himself of this opportunity. Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel identifies three possible grounds for appeal. First, counsel has considered whether Rank could argue that the district court erred in imposing an upward adjustment pursuant to § 2B1.1(b)(4)(A) of the United States Sentencing Guidelines. We agree with counsel that this argument would be frivolous. A determination that more than minimal planning was involved in the commission of an offense is reviewed for clear error, and this court reverses only if left "with a definite and firm conviction that a mistake has been committed." United States v. Panadero, 7 F.3d 691, 694-95 (7th Cir.1993) (citations and internal quotations omitted). In this case, the district court found that the § 2B1.1(b)(4)(A) adjustment applied because the offense involved repeated acts over a period of time that were not purely opportune. Nothing in the record suggests that this finding was clearly erroneous. See, e.g., United States v. Viemont, 91 F.3d 946, 952 (7th Cir.1996) (applying more-than-minimal-planning adjustment to defendant because he "committed repeated criminal acts over time and made substantial efforts to conceal his crimes"); United States v. Moore, 991 F.2d 409, 412-13 (7th Cir.1993) (same).
 
 
 3
 Second, counsel has evaluated whether Rank could challenge the district court's decision to sentence him in the middle of the applicable guideline range. This argument also would be frivolous. Absent an error of law or misapplication of the guidelines, we will not review a sentence imposed within the applicable guideline range. United States v. Moore, 25 F.3d 563, 570 (7th Cir.1994). Counsel has not identified, and we are unable to discern, any basis in the record to argue that the district court committed an error of law or misapplied the guidelines. Accordingly, there is no substantial issue for appeal.
 
 
 4
 Finally, counsel has considered whether Rank could argue that the district court improperly refused to grant him a downward departure pursuant to § 5K2.0 of the guidelines. This court reviews a district court's refusal to grant a downward departure from a sentence within the applicable guideline range for abuse of discretion. United States v. Almageur, 146 F.3d 474, 475 (7th Cir.1998). In most cases, this exercise of discretion will be given substantial deference. Id. at 475-76 (citing Koon v. United States, 518 U.S. 81, 98 (1996)). The defendant requested a downward departure on the bases that he had a solid work history, and had otherwise been law-abiding; served in the military during the Vietnam War; supported his children; and suffered from depression and drug addiction. Any argument that the district court abused its broad discretion by refusing to depart downward on these grounds would be frivolous.
 
 
 5
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(e); Cir. R. 34(f)