

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2000

# United States v. Marvin

Precedential or Non-Precedential:

Docket 98-2086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Marvin" (2000). *2000 Decisions*. Paper 92.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/92

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 8, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-2086

UNITED STATES OF AMERICA

v.

DONALD WAYNE MARVIN, Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. 98-cr-00200)
District Judge: Honorable Franklin S. VanAntwerpen

Submitted Under Third Circuit LAR 34.1(a)
November 4, 1999

Before: BECKER, Chief Judge, GREENBERG, and
CUDAHY,* Circuit Judges.

(Filed May 8, 2000)

        PHILIP D. LAUER, ESQUIRE
        Philip D. Lauer, P.C.
        704 Washington Street
        Easton, PA 18042

        Counsel for Appellant

        SETH WEBER, ESQUIRE
        Assistant United States Attorney
        615 Chestnut Street
        Philadelphia, PA 19106

        Counsel for Appellee
_____

* Honorable Richard D. Cudahy, United States Circuit Judge for the
Seventh Circuit, sitting by designation

OPINION OF THE COURT

BECKER, Chief Judge.

I.

Donald Wayne Marvin pled guilty to conspiracy, robbery, and the use of a firearm during a crime of violence. Marvin wanted to appeal aspects of his sentencing, but Marvin's counsel filed an Anders motion, requesting to withdraw from representing him and expressing his belief that there were no nonfrivolous arguments for appeal. After reviewing the brief, we conclude that it is inadequate, and deny counsel's motion.

In Anders v. California, 386 U.S. 738 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal.[1] Anders struck down a process that allowed courts of appeals to accept a mere assertion by counsel that he or she found the appeal to be "without merit." Id. at 743. The Court suggested, however, that if, after a "conscientious examination" of the record, counsel found no nonfrivolous issues for appeal, he or she could submit a brief "referring to anything in the record that might arguably support the appeal." Id. at 744. Many

_____

1. The duties find their roots in the Due Process and Equal Protection Clauses, which ensure that an indigent criminal defendant has the right to "adequate and effective appellate review." Griffin v. Illinois, 351 U.S. 12, 20 (1956). This includes the right to effective assistance of counsel. See Douglas v. California, 372 U.S. 353, 355–58 (1963). This right is presumptive, and not confined to those cases in which an independent review of the record convinces an appellate court that counsel "would be helpful to the defendant or to the court." Id. at 355. Anders explained that, while there is some limit to this right, in that counsel may be permitted to withdraw from entirely frivolous appeals, the court must use procedures to protect against counsel withdrawing when the issues are not frivolous. See 386 U.S. 738, 744.

2

courts took this as a prescription, but the Supreme Court recently explained that it was only a suggestion. See Smith v. Robbins, 120 S. Ct. 746 (2000). Each state is free to use any process, Smith explained, so long as defendants' rights to effective representation are not compromised. See id. at 753.2

The relevant Third Circuit rule tracks the Anders suggestion:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

Third Circuit Rule 109.2(a).

This rule, like the Anders case itself, provides only a general explanation of the contours of the court's and counsel's obligations in the Anders situation. However, two

_____

2. In Smith, the Court approved California's current approach, by which counsel files a brief which summarizes the relevant procedure and facts and

> attests that he has reviewed the record, explained his evaluation of
> the case to his client, provided the client with a copy of the brief,
> and informed the client of his right to file a pro se supplemental brief. He further requests that the court independently examine the record for arguable issues. . . . [H]e is silent on the merits of the
> case and expresses his availability to brief any issues on which the
> court might desire briefing.

120 S.Ct. at 753.

3

opinions of the Court of Appeals for the Seventh Circuit,
United States v. Tabb, 125 F.3d 583 (7th Cir. 1997), and
Wagner v. United States, 103 F.3d 551 (7th Cir. 1996), have
shed new light on the interpretation of Anders . These
opinions fill in gaps left by Anders and its early progeny
with respect to two critical questions: (1) the responsibilities
of counsel in submitting an Anders brief (Tabb); and (2) the
duties of the courts of appeals with respect to an
independent review of the record (Wagner). 3 In this case,
because we conclude that the Anders brief was inadequate,
we need only address the first issue.

In Tabb and its companion case, United States v. Dale
(consolidated with Tabb on appeal) the Seventh Circuit
explained the dual duties of counsel in the Anders
situation: (1) to satisfy the court that he or she has
thoroughly scoured the record in search of appealable
issues; and (2) to explain why the issues are frivolous. See
125 F.3d at 585, 586. With regard to the first duty, the
panel recognized that counsel need not, in an Anders brief,
raise and reject every possible complaint. See id. at 585.
However, "the brief at minimum must assure us that
[counsel] has made a sufficiently thorough evaluation of the

_____

3. In Wagner, Judge Posner concluded that where an Anders brief
appeared adequate, it would be inappropriate for a panel "to comb the
record . . . searching for possible nonfrivolous issues that both the
lawyer and his client may have overlooked and, if wefind them,
appointing a new lawyer and flagging the issues we've found for him."
103 F.3d at 553. Rather

> [i]f the brief explains the nature of the case and fully and
> intelligently discusses the issues that the type of case might be
> expected to involve, the Court will . . . confine its scrutiny of
the
> record to the portions of it that relate to the issues discussed in
the
> brief. If in light of this scrutiny it is apparent that the
lawyer's
> discussion of the issues that he chose to discuss is responsible
and
> if there is nothing in the district court's decision to suggest
that
> there are other issues the brief should have discussed, the Court
> will have enough basis for confidence in the lawyer's competence to
> forgo scrutiny of the rest of the record.

Id. Although this approach appears sound, we have no occasion to adopt
it today, as we reject the Anders brieffiled in this case for facial
inadequacies.

record to conclude that no further discussion of other areas of the case is necessary." Id. Applied to the facts of Tabb, the court was troubled because

> [w]hile [the brief] makes a series of points that are true, it gives no indication that counsel has determined, following a proper examination of the record, that there is no nonfrivolous basis for the appeal. We wish to emphasize that counsel need not discuss every possible issue. Our concern here is not counsel's decision not to press certain issues, but rather that his discussion does not indicate that he made a reasoned decision not to raise the issues he has omitted. While we give broad discretion to attorneys to decide what matters to discuss in an Anders brief, the degree to which we rely on counsel to determine whether an appeal is warranted requires sufficient indicia in the brief that counsel has made a sound judgment.

Id. Obviously, what constitutes "sufficient indicia" cannot be laid down in a formulaic manner, and individual panels will have to apply their better judgment to the circumstances of each case.

With regard to the second duty, the court held that counsel must also explain to the court why the issues are frivolous. Discussing Dale, the companion case, the Tabb court noted that counsel mentioned several issues but

> rather than explaining why these issues would be frivolous, counsel argues the issues . . . as though they had merit (having disclaimed the arguments as his own, and indicating he was making them only because his client requested that he do so). . . . He simply makes the arguments that [the defendant] requested and then states his belief that other arguments are frivolous, as though this were readily apparent. We do not think it is, and therefore we must deny counsel's motion to dismiss the appeal and withdraw from the case.

Id. at 586.

We follow Tabb and adopt its precepts. We thus conclude that, except in those cases in which frivolousness is patent,

5

we will reject briefs, like those encountered in Tabb, in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client. In this case, we reject the Anders petition for both reasons.

II.

Donald Wayne Marvin was charged with, and plead guilty to, conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, and using a firearm during a crime of violence. After receiving a presentence report and conducting a sentencing hearing, the court sentenced him. Marvin pressed for an appeal, claiming that there were several sentencing errors, but his counsel filed a brief with this court stating that he believed there to be no nonfrivolous arguments for appeal. Marvin submitted his own brief, opposing the Anders motion and raising a host of other issues.

As in Tabb, Marvin's counsel has not provided us with sufficient indicia that he has explored all possible issues for appeal. As an initial matter, he does not mention all the issues raised by his client and assure us that he has considered them and found them patently without merit. Furthermore, while he lists five issues for potential appeal in the beginning of his motion, he only discusses a few of them in the body of the brief. Moreover, the record counsel has provided does not include the formal sentencing objections (although the transcript of the sentencing hearing indicates that he made such objections prior to the hearing), which might clarify why he ultimately abandoned those objections. Counsel simply has not provided sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised.

Additionally, as in Tabb's companion case Dale, counsel does not explain why those issues that he does address are legally frivolous. For example, the heading of the first section of the Anders brief is titled: "The District Court

6

Erred in Assessing an Enhancement to the Sentencing Guideline Calculation for Possession, Display or Brandishment of a Firearm." In this section, counsel lays out Marvin's contentions without explaining why these contentions are flawed. Likewise, the third section entitled "The District Court Erred in Assessing a Two-Level Enhancement to the Sentencing Guideline Offense Level for Appellant's Role in the Offense" is argued vigorously by Marvin's lawyer, without an explanation for why the court should consider the appeal frivolous.

The argument in the second section also falls short. In this section, entitled "The District Court Erred in Assigning One Criminal History Point for a Conviction Which Should Not Have Been Included," counsel lays out an outline of Marvin's argument and then states:

> Counsel is aware of no supporting law for this assertion, as the criminal history point in Paragraph 71 was assigned for a "prior sentence" pursuant to U.S.S.G. S 4A1.1(c), which requires the addition of a point for each prior sentence [up to 4] which does not result in the length of imprisonment necessary to count under SS4A1.1(a) or 4A1.1(b). Plainly, these were prior "sentences," as defined at U.S.S.G.S 4A1.2(a), and were correctly counted.

The statute to which counsel cites does not, however, plainly refute Marvin's argument. Therefore, even this, the most extensive effort made in the brief to demonstrate the inadequacy of Marvin's claims, is cursory and conclusory.

For the foregoing reasons, we reject the Anders brief filed by counsel in this case. By so doing, we do not express any opinion as to the merits of any issues in Marvin's underlying appeal. We merely note that we are not yet ready to decide this case rudderless, without the guidance of counsel. The motion of counsel for leave to withdraw will be denied. Counsel for appellant shall submit further briefing consistent with this opinion.4

_____

4. Third Circuit Rule 109.2(a) provides that if the court finds no arguable
merit it will grant the motion, while if the panelfinds arguable merit, it

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

_____

will discharge counsel and appoint substitute counsel. The rule does not provide for the circumstance in which the panel makes no determination as to whether there are issues of arguable merit or not because the brief is inadequate.

8