**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Les L. DAVIS, Defendant–Appellant.**

**No. 01–1366.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 7, 2001.

Decided Sept. 10, 2001.

Before Hon. FLAUM, Chief Judge,
Hon. EASTERBROOK, Hon. KANNE,
Circuit Judges.

### ORDER

Les Davis was convicted after a jury trial on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. §§ 846, 841(a)(1), and two counts of possession of cocaine base with intent to distribute, *id.* § 841(a)(1), and was sentenced to concurrent terms of 360 months' imprisonment. He filed a notice of appeal, but his appointed appellate counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that all potential grounds for appeal are frivolous. Although Davis filed a response, *see* Cir. R. 51(b), he identifies no potential bases for appeal but simply asks that we appoint new counsel. We therefore confine our review to the potential issues discussed in counsel's *Anders* brief, *see United States v. Tabb*, 125 F.3d 583 (7th Cir. 1997); *United States v. Wagner*, 103 F.3d 551 (7th Cir.1996), and conclude that an appeal raising those issues would be frivo-

lous. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

■ In his *Anders* brief counsel first considers whether the district court erred in denying Davis's motion to suppress his post-arrest confession. At the hearing on the motion, Davis offered several reasons why his confession was involuntary: he had been high on marijuana; the agents raised their voices and pounded on the table; and the agents confused him by discussing the sentencing guidelines and informing him that he did not need an attorney. But each of Davis's assertions was directly contradicted by testimony from government agents, who also stated that Davis was given dinner, a beverage, and a cigarette break and that the questioning lasted only 3½ hours. The district court chose to believe the agents' version of events, and we would defer to that determination unless we were to find that the court had credited "exceedingly improbable" testimony. *United States v. Huerta*, 239 F.3d 865, 872 (7th Cir.2001). Having reviewed the hearing transcript, we are satisfied that Davis could not establish that the agents' testimony was exceedingly improbable. We therefore conclude that an appeal on this ground would be frivolous.

■ Counsel next considers whether Davis could argue that there was insufficient evidence to convict him of conspiracy. We would overturn a jury's verdict only if the record contained no evidence—however it were weighed—from which the jury could have found guilt beyond a reasonable doubt. *United States v. Albarran*, 233 F.3d 972, 975 (7th Cir.2000). Here, there is evidence showing that Davis and his alleged coconspirators pooled money to buy drugs for resale, traveled together to obtain drugs for resale, answered pages received by others in the group, and sold

drugs from common locations and to common customers. A rational jury could easily conclude from such evidence, which included testimony from drug suppliers and two of Davis's coconspirators, that a conspiracy existed and that Davis knowingly agreed to join it. *See id.* at 976. We therefore agree with counsel that an appeal on this basis would be frivolous.

■ Finally, counsel questions whether Davis could argue that his convictions on the possession counts were not supported by the evidence. With regard to the first of those counts, there was evidence at trial showing that a buyer, Virginia Kelly, paged Davis to purchase crack cocaine; that Kelly picked up Davis in her car; that an officer who confronted them during the transaction searched the car and found a crack pipe in Kelly's purse, $1200 in Davis's pocket, and crack cocaine on the floorboard near where Davis had been sitting; and that Davis later confessed to selling the drugs to Kelly. We agree with counsel that a rational jury could have found guilt beyond a reasonable doubt from this evidence, and that an appeal on this issue would therefore be frivolous. We likewise agree with counsel that a reasonable jury could have appropriately found guilt as to the second possession count. Not only did Davis confess to the transaction, but there was evidence—namely, fingerprints found on the bag containing the cocaine—corroborating his confession.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. Davis's request for appointment of new counsel is DENIED.