UNITED STATES of America, Plaintiff–Appellee,

v.

Demetrius D. McCOLLOUGH, Defendant–Appellant.

No. 00–4321.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 2001.

Decided Sept. 10, 2001.

Before Hon. JOEL M. FLAUM, Chief Judge, Hon. FRANK H. EASTERBROOK, Hon. MICHAEL S. KANNE, Circuit Judges.

### ORDER

Demetrius McCollough was convicted after a jury trial on one count of conspiracy to possess with the intent to distribute cocaine base and cocaine, 21 U.S.C. §§ 846, 841(a)(1), and six counts of distributing cocaine base, *id.* § 841(a)(1), and was sentenced to 420 months' imprisonment on the conspiracy count and concurrent 360–month terms on the remaining counts. He filed a notice of appeal, but his appointed appellate counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any appeal would be frivolous. McCollough did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), so we confine our review to the potential issues discussed in counsel's motion to withdraw and supporting *Anders* brief. *See United States v. Tabb*, 125 F.3d 583 (7th Cir.1997); *United States v. Wagner*, 103 F.3d 551 (7th Cir.1996). Because we conclude that an appeal on those issues would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

In his *Anders* brief counsel first considers whether McCollough could challenge his conspiracy conviction on the ground that there was insufficient evidence to prove the existence of a conspiracy. We would overturn a jury verdict only if the record contained no evidence, regardless of how it were weighed, from which the jury could have found guilt beyond a reasonable doubt. *United States v. Sanchez,* 251 F.3d 598, 601 (7th Cir.2001). Here, there was testimony at trial that McCollough and his alleged coconspirators were regularly seen together, pooled money to buy drugs, traveled together to buy drugs, and resold those drugs individually and as a group. Further, two witnesses testified that when they would page McCullough to make a purchase, another member of the group would often appear to make the sale. We agree with counsel that a reasonable jury could appropriately find from this evidence that a conspiracy existed; accordingly, we conclude that an appeal on this issue would be frivolous.

Counsel next questions whether McCollough could challenge the sufficiency of the evidence as to all counts on the ground that the government's witnesses were either convicted felons, drug addicts, government informants, or known liars. We agree with counsel that this argument would be frivolous. Credibility determinations are within the province of the jury, and we would not reverse such determinations even where the credited testimony is totally uncorroborated and comes from confessed law-breakers, drug dealers, or paid government informants. *United States v. Edwards*, 115 F.3d 1322, 1331 (7th Cir.1997); *see also United States v. Williams*, 216 F.3d 611, 614 (7th Cir.2000) (jury's credibility determinations will be reversed only under exceptional circumstances, such as where credited testimony

contradicts laws of nature or other indisputably true evidence).

Finally, counsel considers whether the district court erred in admitting partially inaudible tapes into evidence. At trial the government introduced six audio tapes, three of which McCollough contends are partly unintelligible. For tapes that are generally audible, however, any inaudible portions would go to the weight of the evidence but would not affect the tape's admissibility. *United States v. Jordan,* 223 F.3d 676, 688 (7th Cir.2000); *United States v. Parks,* 100 F.3d 1300, 1305 n. 2 (7th Cir.1996). We therefore conclude that an appeal on this ground would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.