UNITED STATES of America, Plaintiff–Appellee,

v.

Myrtie Mae JOHNSON, Defendant–Appellant.

No. 02–3020.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 20, 2003.

Decided Aug. 21, 2003.

Stephen B. Clark, Office of the United States Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Myrtle M. Johnson, pro se, Tallahassee, FL, for Defendant–Appellant.

Before BAUER, KANNE, and EVANS, Circuit Judges.

## ORDER

■ A jury found Myrtle Mae Johnson guilty of bank robbery, 18 U.S.C. § 2113(a), conspiring to commit bank robbery, 18 U.S.C. §§ 371, 2113(a), possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), possessing ammunition after a felony conviction, *id.*, possessing cocaine base, 21 U.S.C. § 844(a), and possessing a firearm during a crime of vio-

lence, 18 U.S.C. § 924(c). The district court sentenced her to a total of 156 months' imprisonment and 5 years' supervised release, a fine of $2,500, restitution of $1,722, and a special assessment of $100 for each of the six counts. Johnson appeals, but her appointed counsel seeks to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes all potential appellate issues are frivolous. Pursuant to Circuit Rule 51(b), Johnson filed a response to her counsel's *Anders* motion, but that response–which consists solely of summaries of other cases–does not identify any potential issues separate from those considered by counsel. We thus confine our review to the potential issues counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996). We agree with counsel that all identified issues would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Johnson could argue that the district court should have granted her pretrial motion to find § 922(g)(1) unconstitutional. Johnson contended that § 922(g)(1) is unconstitutional because it prohibits a felon from possessing a firearm or ammunition "in or affecting commerce" rather than "in or affecting *interstate* commerce." Thus, argued Johnson, § 922(g)(1) exceeds Congress's powers under the Commerce Clause of the Constitution.

As counsel notes, the Supreme Court long ago rejected such attacks on Congress's power to outlaw the possession of weapons by felons. *See United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (holding that statutory predecessor to § 922(g)(1) required government to prove that firearm had trav-

eled in interstate commerce; statute was thus constitutional). Nothing in recent years has called into question the constitutionality of § 922(g)(1). *See United States v. Harris,* 325 F.3d 865, 873–74 (7th Cir. 2003); *United States v. Lemons,* 302 F.3d 769, 770–71 (7th Cir.2002). We therefore agree with counsel that an appeal of this issue would be frivolous.

Counsel next considers whether he could argue that the government's evidence was insufficient to sustain any of the counts of conviction. Appellate review of such sufficiency-of-the-evidence claims is highly deferential; we view the evidence in the light most favorable to the government, and reverse a conviction only if no rational trier of fact could have found the defendant guilty of the crime charged. *See United States v. Brown,* 328 F.3d 352, 355 (7th Cir.2003).

■ Reviewing the government's evidence, counsel notes that a bank teller who worked at a federally insured bank testified at trial that two people–an older woman and a younger man–approached her teller station and demanded that money be placed in their blue nylon bag; the demand made the teller fear for her life, especially since the woman had her hand tucked under her arm as if she was carrying a gun. The teller complied with the request, but also slipped an explosive dye pack–which failed to activate as the robbers left the bank–into the couple's bag. The teller later identified Johnson in a photo line-up as the female half of the pair. Furthermore, two of Johnson's neighbors testified that they spoke with Johnson and her son just one hour after the robbery; mother and son bragged that they had successfully robbed the bank as they dumped money and a .38 caliber pistol out of a blue bag similar to the one used by the robbers. One of the neighbors also testified that Johnson had been asking for

bullets for the pistol for weeks, explaining that she wanted to rob a bank. Police located an unexploded dye pack outside Johnson's apartment, and when Johnson and her son were later arrested, officers located in the son's socks three twenty-dollar bills with serial numbers matching bills stolen from the bank. Officers also recovered a .38 caliber pistol and crack cocaine–which Johnson claimed–from the car in which she and her son were traveling.

██ Given these damning facts and our deferential standard of review, we agree with counsel that it would be frivolous to argue that the government's evidence was insufficient to prove the elements of bank robbery and conspiracy to commit bank robbery. *See United States v. Hill,* 187 F.3d 698, 700–01 (7th Cir.1999) (noting that bank robbery conviction requires proof that defendant took something of value belonging to bank by force and violence, or by intimidation); *United States v. Jones,* 950 F.2d 1309, 1313 (7th Cir.1991) ("To prove conspiracy the government must establish that there was agreement between two or more persons to commit an unlawful act, that a defendant was party to the agreement, and that an overt act was committed in furtherance of the agreement by one of the coconspirators.... [T]he government need not establish that there existed a formal agreement to conspire; circumstantial evidence and reasonable inferences drawn therefrom concerning the relationship between the parties, their overt acts, and the totality of their conduct may serve as proof."(internal citations and quotations omitted)). We also agree that it would be frivolous to argue that the government had not proved Johnson possessed crack–she admitted it to police–or that she had not possessed the pistol in furtherance of a crime of violence, i.e. the bank robbery. *See United States v. Young,* 316 F.3d 649, 660–61 (7th Cir. 2002) (holding that defendant possessed firearm in furtherance of crime of violence where firearm's presence contributed to terror and abuse victim suffered during crime). Finally, we concur with counsel's assertion that the evidence was sufficient to prove that Johnson possessed the pistol after being convicted of a felony; Johnson stipulated to a prior felony conviction, and the neighbors testified to seeing her handle the .38. *See United States v. Lane,* 267 F.3d 715, 718–19 (7th Cir.2001) (holding that felon's momentary handling of gun sufficient to sustain conviction under § 922(g)(1)).

██ Only one potential issue remains. In this circuit, undifferentiated and simultaneous possession of a gun and ammunition by a felon constitutes just a single violation of § 922(g)(1). *See United States v. Buchmeier,* 255 F.3d 415, 422 (7th Cir. 2001). Here, the government charged Johnson with two counts of violating § 922(g): once for the pistol, and once for possessing .38 caliber ammunition that was recovered from her purse during her arrest. But two of Johnson's neighbors testified that she was seeking to acquire ammunition for her .38 caliber pistol in the weeks before the robbery. The jury could have permissibly inferred, then, that she acquired the ammunition *after* she acquired the pistol. Where a weapon and ammunition are obtained at separate times, the government is allowed to charge multiple violations of § 922(g). *Id.* at 423. We therefore agree with counsel that it would be frivolous to argue that there was insufficient evidence to support Johnson's conviction for possessing ammunition after a felony conviction.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.