

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2006

# USA v. Nixon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Nixon" (2006). *2006 Decisions*. Paper 1233.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1233

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1648

UNITED STATES OF AMERICA

v.

MARK A. NIXON,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00037-1)
District Judge: Honorable Terrence F. McVerry

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2006

Before: SLOVITER and AMBRO, Circuit Judges,
and DuBOIS,[*] District Judge

(Opinion filed:    April 21, 2006)

OPINION

AMBRO, Circuit Judge

---

[*]Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Mark A. Nixon pled guilty to one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a 120-month term of incarceration, less 17 months for time served in state custody.  Nixon's counsel filed an *Anders* motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous.  For the reasons set forth below, we grant that motion and affirm the judgment of the District Court.[1]

## I.

Because we write solely for the parties, we discuss only those facts necessary to our decision.  In 2003, Nixon was arrested for conduct that resulted in both a multiple-count state indictment and a federal indictment for unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  He was ultimately convicted in state court and was sentenced to five to ten years.

Nixon was also convicted and sentenced by the United States District Court for the Western District of Pennsylvania after both his state sentence was pronounced and the Supreme Court ruled in *United States v. Booker*, 543 U.S. 220 (2005), that the United States Sentencing Guidelines are advisory.  The District Court found that, under the advisory Guidelines, Nixon's adjusted offense level was 30, reduced to 27 for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), and his criminal history

---

[1]The District Court exercised jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

category was VI. The resulting advisory sentencing range was 130 to 162 months, which exceeded the statutory maximum of 120 months pursuant to 18 U.S.C. § 924(a)(2). Thus, the advisory Guidelines sentence was 120 months. The District Court considered the sentencing factors at 18 U.S.C. § 3553(a), used the statutory maximum of 120 months as its starting point, and granted a 17 month downward adjustment for the time Nixon had already served on his state court conviction. The District Court further ordered that Nixon's federal sentence be served concurrently with his state sentence. Nixon timely appealed the judgment of conviction and sentence.

## II.

Under *Anders v. California*, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the court and request permission to withdraw." *Id*. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," *id*., "explain[ing] to the court why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he has "thoroughly scoured the record in search of appealable issues," *id*. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise nonfrivolous arguments in a *pro se* brief. *Anders*, 386 U.S. at 744; Third Circuit LAR 109.2(a) (2000).

We "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief." *United States v.*

3

*Youla*, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible non-frivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." *United States v. Wagner*, 103 F.3d 551, 552-53 (7th Cir. 1996). We grant counsel's *Anders* motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact," *id*. at 438 n.10.

### III.

After an independent examination of the record, including the Pre-Sentencing Report, the sentencing transcript, and counsel's *Anders* brief, it is clear that counsel has satisfied his *Anders* burden and that no nonfrivolous issues from which to appeal exist.[2] The District Court treated the Sentencing Guidelines as advisory, adequately considered the § 3553(a) factors, and properly exercised its discretion in granting a downward adjustment.

\* \* \* \* \*

Because there are no nonfrivolous issues for appeal, Nixon's judgment of conviction and sentence is hereby affirmed, and counsel is granted leave to withdraw.

---

[2] Nixon has not filed a brief on his own behalf, despite having been informed of his right to file a formal or informal brief. See Clerk's Office Letter (July 29, 2005).]

4