

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2006

# USA v. Paz

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Paz" (2006). *2006 Decisions.* Paper 235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3854
_____

UNITED STATES OF AMERICA

v.

NICHOLAS PAZ,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00441)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2006

Before:  FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed: November 7, 2006)
_____

OPINION OF THE COURT
_____

---

[*] The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth
Circuit, sitting by designation.

McKAY, *Circuit Judge*.

This is a direct criminal appeal. As we write for the parties, only a brief summary of pertinent facts is necessary.

Appellant was indicted for, and pled guilty to, armed bank robbery. Following the indictment but prior to the guilty plea, a second indictment was issued charging Appellant with conspiracy to tamper with a federal witness and obstruction of justice. That case was tried to a jury and resulted in conviction.[1] The district court subsequently sentenced Appellant for the armed robbery conviction. It imposed a two-point enhancement for obstruction of justice, based in part on Appellant's witness-tampering conviction, and denied an acceptance-of-responsibility reduction despite Appellant's assistance following his arrest in the investigation of the bank robbery and of other criminal activity. We vacated this sentence and remanded for resentencing following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

On resentencing, the district court applied the United States Sentencing Guidelines to determine the sentencing range. Then, based on 18 U.S.C. § 3553(a) as well as on Appellant's informal request for downward deduction, the district court granted a two-point deduction for acceptance of responsibility and a one-point deduction for timely notification of plea. The district court chose not to depart upward despite new

---

[1] This conviction was affirmed on appeal.

information that Appellant was convicted in state court of homicide.[2] The resulting sentence was ninety months lower than the original sentence. Appellant filed a timely appeal.

Appellant's counsel has filed a motion for leave to withdraw as counsel and has submitted a brief in support of this motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant has filed a pro se brief in response. In analyzing an *Anders* brief, we inquire "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* We can grant counsel's motion to withdraw and dismiss the appeal on the merits where our review confirms that the appeal does not present any nonfrivolous issues. *Id.* at 299. We "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's pro se brief." *Id.* at 301. We do not, however, "comb the record . . . for possible nonfrivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." *United States v. Wagner*, 103 F.3d 551, 552-53 (7th Cir. 1996).

---

[2] Appellant was sentenced to life in prison on this conviction. This sentence is presently on appeal in the Pennsylvania Superior Court.

After an independent review of the record, including the presentencing report, the resentencing transcript, and the parties' briefs, we have determined that counsel has satisfied his *Anders* burden and that no nonfrivolous issues exist from which to appeal. The only potentially appealable issue correctly identified by counsel is Appellant's request that the district court "more faithfully" adhere to the requirements of § 3553(a). It is clear that the district court faithfully adhered to and considered the § 3553(a) factors and reasonably applied them to the circumstances of Appellant's case. *See United States v. Cooper*, 437 F.3d 324, 330-32 (3d Cir. 2006) (setting forth the test for review of a sentence for reasonableness). The fact that the district court chose not to further reduce Appellant's sentence was logically explained and well supported, especially in light of Appellant's lengthy criminal history and recent homicide conviction.[3]

Appellant argues pro se that his indictment and conviction are a nullity as a matter of law due to Presentment and Enactment Clause procedural improprieties committed by the 80th Session of Congress. This argument is without merit.

Because we have determined that this appeal does not present any nonfrivolous issues, Appellant's sentence is hereby affirmed, and counsel's request for leave to withdraw is granted. *See* 3d Cir. LAR 109.2(a) (citing *Anders*, 386 U.S. 738). We also find that it is unnecessary to appoint counsel to file a petition for rehearing in this Court

---

[3] The district court properly observed that Appellant did not make a formal motion to depart downward. We note that this court, like other circuit courts, does not review, after *Booker*, a district court's decision to deny departure. *See Cooper*, 437 F.3d at 333 (collecting cases).

4

or a petition for writ of certiorari in the Supreme Court on the defendant's behalf.  *See id.* 109.2(b).