

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# USA v. Casiano

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3693

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Casiano" (2007). *2007 Decisions.* Paper 1666.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1666

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3693

_____

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE CASIANO,

Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-3314)
(D.C. Criminal No. 95-408)
District Judge: Honorable Anita B. Brody

_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2007

_____

Before: BARRY and ROTH, Circuit Judges, and
DEBEVOISE[*], Senior District Court Judge

(Opinion Filed: February 7, 2007)

_____

---

[*] Honorable Dickinson R. Debevoise, Senior District Court Judge for the District of New Jersey, sitting by designation.

OPINION

**Debevoise, Senior District Court Judge**

On May 23, 2003, Jose Casiano filed a *pro se* Petition to Vacate Sentence under 28 U.S.C. § 2255. He challenged the March 21, 1996 Judgment of the District Court that imposed a total sentence of 488 months. The grounds for the § 2255 petition were unlawful temporary detention and ineffective assistance of counsel. On August 19, 2004, the District Court dismissed Casiano's § 2255 Petition as untimely and subsequently granted a certificate of appealability.

Casiano's appointed counsel on appeal, Michael J. Kelly, Esq., filed a motion to withdraw as counsel and an <u>Anders</u> brief, asserting that all potential grounds for the Petition are frivolous. Casiano submitted a brief in opposition to the <u>Anders</u> brief and in support of his Petition. For the reasons set forth below, we grant the motion to withdraw and affirm the District Court's dismissal of Casiano's § 2255 Petition.

**I.**

Under <u>Anders v. California</u>, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the court and request permission to withdraw." <u>Id.</u> at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," <u>id.</u>, "explain[ing] to the court why the issues are frivolous," <u>United States v. Marvin</u>, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he

2

has "thoroughly scoured the record in search of appealable issues," id. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise non-frivolous arguments in a *pro se* brief. Anders, 386 U.S. at 744; Third Circuit LAR 109.2(a)(2000).

We "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible nonfrivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." United States v. Wagner, 103 F.3d 551, 552-53 (7th Cir. 1996). We grant counsel's motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact." Id. at 438 n. 10.

## II.

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. Casiano and two co-defendants were arrested on July 6, 1995, in Camden, New Jersey, and subsequently charged in the United States District Court for the Eastern District of Pennsylvania with conspiracy to commit carjacking (Count 1), carjacking (Count 2), use of a firearm in relation to a crime of violence (Counts 3 and 5)

3

and kidnaping (Count 4). The charges resulted from the kidnaping of Rev. Marc Shin, a Russian Orthodox priest.

Casiano entered a guilty plea to all charges pursuant to a cooperation agreement with the government. His guideline score produced a sentencing range of 262-327 months incarceration. The two counts involving possession of a firearm in relation to a crime of violence carried mandatory minimum sentences of 5 years and 25 years respectively (resulting in sentencing ranges of 562-627 months).

The Court granted the government's 5K1.1 departure motion and departed downward for Counts 1, 2 and 4, imposing a sentence of 188 months which, with a sentence of 60 months on Count 3 to run consecutively and 240 months on Count 5 consecutively, totaled 488 months. The Court of Appeals affirmed on May 7, 1997, United States v. Casiano, 113 F. 3d 420 (3d Cir. 1997), and on October 6, 1997, the Supreme Court denied Casiano's petition for a writ of certiorari. Casiano v. United States, 522 U.S. 887.

On May 22, 2003, Casiano filed *pro se* a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. He addressed the one year statute of limitation contained in 28 U.S.C. 2255, asserting that it should be equitably tolled because his attorney had failed to notify him of the affirmance of his judgment of conviction until some time in August, 2002, and because until December 21, 2002, he did not learn that his counsel had filed a petition for a writ of certiorari, and that the petition had been denied.

4

Casiano sought relief on two substantive grounds. First, he contended that he was unlawfully detained from July 25, 1995, the date he was transferred from New Jersey state custody to federal custody in Pennsylvania, to August 16, 1995, the date he was formally ordered detained by the United State Magistrate Judge, because the Magistrate Judge never entered an order for temporary detention on July 25, the date of his initial appearance.

Casiano's second ground for relief was that defense counsel had a conflict of interest and rendered ineffective assistance by failing to secure a negotiated plea agreement that would have permitted him to plead guilty to only one count of violation of 18 U.S.C. § 924(c) instead of to both counts. A plea to one firearms count would have subjected him to only a five year mandatory minimum sentence.

On August 19, 2004, the District Court dismissed Casiano's Petition without a hearing on the ground that copies of correspondence sent by Casiano's counsel to Casiano on October 8, 1998, November 5, 1998 and December 7, 1998 regarding the procedure for filing a § 2255 petition established that Casiano was made aware that the Court of Appeals had affirmed his conviction and sentence and that, by waiting until May 23, 2003 to file his § 2255 Petition, Casiano failed to exercise reasonable diligence in pursuing his claims for relief. Casiano appealed. On October 15, 2004, the Court of Appeals remanded the case to the District Court for a ruling as to whether it wished to grant a certificate of appealability. On October 22, 2004, the District Court granted a certificate

5

of appealability.

## III.

Casiano's claim for equitable tolling rests upon his contention that his Attorney, Barnaby C. Wittels, Esq., never told him that the Court of Appeals had affirmed his conviction and sentence on May 7, 1997, and never told him that counsel had filed a petition for a writ of certiorari, and that the petition had been denied on October 6, 1997. Five letters to Casiano from Attorney Wittels that accompanied Casiano's Petition negate this contention. Two letters bearing a 2002 date reminded Casiano that Wittels had previously sent his entire file to Casiano and had written Casiano three letters in 1998 referencing a § 2255 form and advising Casiano how to obtain help with it. These three letters accompanied Casiano's Petition. A statement in Casiano's affidavit recited that "[o]n several occasions I spoke with Counsel on the telephone between June 1997 and December 1998. During those conversations, Counsel and I discussed a Section 2255 and a claim of Ineffective Assistance of Counsel claim . . ." The record unquestionably negates Casiano's contention that equitable tolling spares him from the time limitations imposed on filing his § 2255 Petition.

In view of this time bar it is unnecessary to address Casiano's substantive grounds for relief.[1]

## IV.

---

[1] In his Anders brief Casiano's court appointed counsel addressed Casiano's two substantive grounds for relief, and concluded, correctly, that each lacked merit.

6

For the reasons set forth above, we affirm the decision of the District Court dismissing Casiano's Petition and grant counsel's motion to withdraw.