

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2007

# USA v. Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5419

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Santiago" (2007). *2007 Decisions.* Paper 1646.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1646

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5419
_____

UNITED STATES OF AMERICA,

v.

ANGEL SANTIAGO,

Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 91-00301-26)
District Judge: Honorable Lawrence F. Stengel


_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2007

_____

Before: BARRY and ROTH, Circuit Judges, and
DEBEVOISE[*], Senior District Court Judge

( Filed: February 8, 2007)


_____

OPINION

_____


_____

[*] Honorable Dickinson R. Debevoise, Senior District Court Judge for the District of New
Jersey, sitting by designation.

**Debevoise, Senior District Court Judge**

Appellant, Angel Santiago, appeals from a judgment revoking his supervised release and sentencing him to 12 months and one day of imprisonment, followed by 3 years of supervised release. Santiago's counsel on appeal, Robert Epstein, Assistant Federal Defender, filed an Anders motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. For the reasons set forth below we grant the motion and affirm the District Court's revocation of supervised release.

## I.

Under Anders v. California, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the court and request permission to withdraw." Id. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," id., "explain[ing] to the court why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he has "thoroughly scoured the record in search of appealable issues," id. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise non-frivolous arguments in a *pro se* brief. Anders, 386 U.S. at 744; Third Circuit LAR 109.2(a)(2000).

We "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible nonfrivolous issues that both the lawyer and his client may have overlooked," as "[our]

2

duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." United States v. Wagner, 103 F.3d 551, 552-53 (7th Cir. 1996). We grant counsel's Anders motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact," id. at 438 n.10.

## II.

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. Santiago pled guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846 in the Eastern District of Pennsylvania. On September 23, 1993, the District Court sentenced him to 156 months incarceration, to run concurrently with a previously imposed state sentence, ten years of supervised release, a fine of $2,500, and a $50 special assessment. He was released from custody and began supervised release on January 27, 2005.

On September 21, 2005, Santiago's probation officer filed a violation petition alleging that Santiago had violated his conditions of supervised release in four respects: i) failing to report to his probation officer; ii) failing to provide notification of change of employment; iii) using heroin and cocaine; and iv) failing to participate in outpatient drug counseling at the direction of the probation office.

On December 5, 2005, a hearing was held on the violations. The charging document set forth full details of the four violations, and Santiago's attorney stipulated to them. The District Court revoked Santiago's supervised release and sentenced him to 12 months and one day of

3

imprisonment, followed by three years of supervised release, the first three months of which are to be served in a halfway house.

Santiago filed a timely notice of appeal.

### III.

18 U.S.C. § 3583(e) empowers federal district courts to revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of the supervised release.  Defense counsel brings to the Court's attention one case which held that initiation of a violation of supervised release proceeding by means of a probation officer's petition to a judge, as happened here, is invalid.  United States v. Jones, 957 F. Supp. 1088, 1090-91 (E.D. Ark. 1997).  That case, as the defense demonstrates, is obviously wrong and has been universally rejected.

The violation proceeding in the present case was properly instituted and properly conducted in full accordance with Fed. R. Crim. P. 32.  Santiago did not contest the charges; in fact, his attorney stipulated to them.

With respect to the sentence, Santiago had the opportunity to address the court and did so. The sentence of 12 months and one day was well within the limits set forth in the controlling statutes and pertinent sentencing guideline provisions.

Because Santiago's offense of conviction was a Class A felony (21 U.S.C. § 846), the term of imprisonment after revocation of supervised release was limited to not more than 5 years. 18 U.S.C. § 3583(e)(3).  The sentence suggested in the Sentencing Guidelines Manual, which is advisory only, is 8-14 months.

Santiago did not submit an Informal Brief in response to the Anders brief.  No flaw

4

appears in the revocation procedures, either procedurally or substantively, and thus Santiago's appeal is totally lacking in merit.

For the reasons set forth above, we affirm the District Court's revocation of Santiago's supervised release and the sentence the Court imposed.  We grant counsel's motion to withdraw.