

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2007

# USA v. Otero

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Otero" (2007). *2007 Decisions*. Paper 609.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/609

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5505

_____

UNITED STATES OF AMERICA

v.

JULIO OTERO,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 96-cr-00005-03)
(District Judge: Honorable Sylvia H. Rambo)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 24, 2007

Before: McKEE and AMBRO, <u>Circuit Judges</u>,
and ACKERMAN, <u>Senior District Judge</u>.[*]

(Filed: August 7, 2007)

_____

OPINION OF THE COURT

_____

---

[*] Honorable Harold A. Ackerman, Senior United States District Judge for the
District of New Jersey, sitting by designation.

ACKERMAN, <u>Senior District Judge</u>.

Defendant Julio Otero appeals an October 31, 2005 Order of the District Court granting the Government's motion to dismiss Otero's *pro se* motion submitted pursuant to 28 U.S.C. § 2255. Otero's appointed counsel has filed a motion and supporting brief pursuant to Third Circuit Local Appellate Rule 109.2(a) and *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw because there are no non-frivolous arguments on appeal. For the reasons set forth below, we will grant counsel's *Anders* motion and affirm the judgment of the District Court.[1]

**I.**

As we write only for the parties, we will set forth only those facts necessary to our analysis. On May 27, 1998, Julio Otero was sentenced to life imprisonment based upon a guilty plea to charges of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). No direct appeal was filed; however, Otero subsequently filed a *pro se* motion under 28 U.S.C. § 2255. The timing of Otero's § 2255 motion is at the center of the dispute in this appeal due to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On June 25, 2001,

---

[1] The District Court had subject matter jurisdiction of this collateral attack upon a criminal judgment of conviction and sentence pursuant to 28 U.S.C. § 2255. This Court has appellate jurisdiction over this criminal appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). On December 21, 2005, a timely appeal was filed from the District Court's October 21, 2005 Order.

Otero filed a *pro se* § 2255 motion to vacate his judgment of conviction and sentence. However, Otero argues that he originally filed a timely § 2255 motion on May 18, 1999, which would have pre-dated the May 27, 1999 deadline.

This is not our first encounter with this matter. On May 16, 2005, we vacated *en banc* a February 4, 2002 District Court opinion which denied Otero's ineffective assistance of counsel claim. *United States v. Bendolph*, 409 F.3d 155, 170 (3d Cir. 2005). We held that the District Court had erred by holding an evidentiary hearing on this claim without appointing counsel, *id.* at 160, and that the District Court could *sua sponte* raise the AEDPA one-year statute of limitations as long as it gave Otero notice and an opportunity to be heard and undertook a prejudice analysis consistent with this Court's opinion, *id.* at 169. The Government had failed to assert the statute of limitations defense during the first evidentiary hearing.

On remand, the District Court appointed counsel to represent Otero, and held an evidentiary hearing on October 27, 2005 to address whether Otero mailed a timely § 2255 motion. In an October 31, 2005 Order, the District Court granted the Government's motion to dismiss Otero's § 2255 motion and issued a certificate of appealability ("COA"). Otero appeals to us.

## II.

In *Anders v. California*, 386 U.S. 738, 745 (1967), "the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal

3

defendant he represents wishes to pursue frivolous arguments on appeal." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). As an advocate, counsel must "support his client's appeal to the best of his ability." *Id.* However, if counsel conducts a thorough examination of the record for potential grounds for appeal and "finds [a] case to be wholly frivolous," counsel "should so advise the court and request permission to withdraw." *Id.* A request for permission to withdraw must be accompanied by a brief in support "referring to anything in the record that might arguably support the appeal." *Id.* (merely "[p]resenting what amounts to a no-merit letter devoid of analysis will not suffice"). This request must also "explain to the court why the issues are frivolous," and demonstrate that counsel has "thoroughly scoured the record in search of appealable issues." *United States v. Marvin*, 211 F.3d 778, 780, 781 (3d Cir. 2000).

Where counsel has filed an *Anders* motion and submitted an appropriate brief, we must decide "whether counsel adequately fulfilled the rules requirements" of Third Circuit Local Appellate Rule 109.2(a). *Youla*, 241 F.3d at 300. Next, we must determine "whether an independent review of the record presents any nonfrivolous issues" on appeal. *Id.* (citing *Marvin*, 211 F.3d at 780). Our scrutiny is confined "to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief." *Youla*, 241 F.3d at 301.

### III.

As an initial matter, we are satisfied that Otero's counsel diligently examined the

4

record for appealable issues. "Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself.'" *Youla*, 241 F.3d at 301 (quoting *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996)). Otero's counsel identified two possible non-frivolous issues to support Otero's argument that he had sent a timely § 2255 motion on May 18, 1999. First, Otero produced a "proof-of-mailing" document allegedly signed and stamped by case manager Richard Matlack on May 18, 1999. (J.A. at 241.) Second, on June 13, 2000, Otero apparently submitted a request to prison officials for lost items that refers to legal paperwork including "my 2255 motion." (*Id.* at 242.) Both of these documents, counsel asserts, arguably represent circumstantial evidence that Otero filed a timely § 2255 motion. Counsel also notes that Otero's oral testimony supports his contention that his § 2255 motion was timely filed. After identifying these possible issues for appeal, counsel set forth in his brief why these issues are frivolous. After our own close examination of the record and case law, both of which were guided by the *Anders* brief, we conclude that counsel has satisfied the requirements of Rule 109.2(a).

We next review the record to determine whether there exist any non-frivolous issues for appeal. First, we consider the proof-of-mailing document that Matlack allegedly verified with a personalized stamp and signed on May 18, 1999 as evidence that Otero filed a timely § 2255 motion. (J.A. at 241.) The Government contends that the certificate of mailing was a forgery that had been produced by a copy machine at a later

5

date. (Gov't Br. at 24.) At the October 27, 2005 evidentiary hearing, the Government presented testimony of both Matlack and Cynthia Cali, a secretary who was responsible for ordering the custom stamp that bears the name of "R. Matlack." These witnesses testified that Matlack's personalized stamp had not been ordered until several months after Matlack allegedly stamped Otero's proof-of-mailing on May 18, 1999. Before Matlack received his personalized stamp, he used a generic stamp which required him to print his name in a blank space. The stamp on Otero's alleged proof-of-mailing, however, was not the generic stamp, but rather the personalized stamp. The Government argued to the District Court that it would have been impossible for Matlack to have stamped this proof-of-mailing document anytime prior to September 2000, when Matlack first received the personalized stamp.

Additionally, Matlack testified that his usual practice is to handwrite the date next to the stamp, although Otero's proof-of-mailing lacked any handwritten date. Matlack also testified that inmates have unsupervised access to photocopiers. Thus, as the District Court indicated, "it is not outside the realm of possibilities that a document stamped and signed by R. Matlack could be photocopied onto another document." (J.A. at 7.) Accordingly, the District Court determined that Otero's proof of mailing was fraudulent.

The District Court also considered the completed Bureau of Prisons "lost items" form which Otero gave to a prison official, Mr. Denger. On this form, dated June 13, 2000, Otero indicated that he had recently been released from the Special Housing Unit

6

("SHU") and noticed that he was missing several possessions, including "legal work (my 2255 motion, letters to the court, and research material in one folder)." (J.A. at 242.) This document, Otero asserts, is evidence that he had a § 2255 motion prior to January 2000, when he was moved to the SHU unit and separated from these items. In an unsigned response to the lost items request, Otero was told to "file a tort." (J.A. at 8, 242.) This request could not have referred to the June 25, 2001 § 2255 motion, Otero contends, because that motion was not prepared until over a year later. Otero asserts that this lost items request is "uncontrovertible circumstantial evidence" that he sent a timely § 2255 motion on May 18, 1999. (Reply Br. at 3.)

The District Court, however, noted that "[i]t is undisputed that from May 18, 1999 until June 2001, Otero did not receive notification from the court that it had received a § 2255 motion. Moreover, there is no indication that Otero inquired with the court regarding the status of the allegedly filed 1999 § 2255 motion until June 2001." (J.A. at 8.) Additionally, the Court noted that on the § 2255 motion filed by Otero in 2001, he "answered 'no' to question eight, which asked: 'Other than the direct appeals listed above, have you previously filed *any* other motions, petitions, or applications concerning this judgment of conviction in any court?'" (*Id.* at 8 (emphasis added).) Based on this, the District Court suggested, even Otero has indicated that he did not file a § 2255 motion prior to June 2001. (*Id.*) After considering these and other issues presented at the evidentiary hearing, the District Court held that such evidence "overwhelmingly supports

7

the Government's position" that Otero did not file a May 18, 1999 § 2255 motion.

Finally, we consider any arguments raised by Otero in his *pro se* brief. Otero asserts that he was prejudiced by the Government's late raising of the limitations issue because Leonard Taylor, an inmate who allegedly helped Otero prepare the purported timely § 2255 motion and allegedly witnessed Otero mail it on May 18, 1999, died in jail prior to the District Court's evidentiary hearing. In his *pro se* brief and during the hearing, Otero did not indicate when Taylor actually died. The Government, however, argues that Otero "does not even attempt to allege or prove that Leonard Taylor, his essential witness, died between the time of the government's original response to the section 2255 motion on September 17, 2001, and the time of the evidentiary hearing on October 27, 2005." (Gov't Br. at 25.) Instead, the Government asserts that Taylor did not die until April 1, 2001, which was prior to the filing of Otero's June 25, 2001 § 2255 motion. "Thus, the government's failure to raise the limitations issue in its *original* response to defendant's section 2255 motion, which itself was filed after Taylor's death, did not prejudice defendant's ability to defend." (*Id.* at 25-26 (emphasis added).) In its October 31, 2005 Order, the District Court determined that Otero suffered no prejudice with respect to any delay in the Government's failure to assert the statute of limitations defense on September 17, 2001. For the reasons identified by the Government, Otero's most recent argument that the delay in litigation prejudiced him because of Taylor's intervening death is similarly without merit.

**IV.**

After conducting our own independent review of the record, we agree with Otero's counsel and the Government that this case presents no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the District Court and grant counsel's motion to withdraw.