NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2011
Decided March 10, 2011

*Before*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2551

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09CR30063-003-DRH |
| STEVEN H. MADDEN, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Steven Madden pleaded guilty to a drug conspiracy, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 96 months' imprisonment. He appeals, but his lawyer has moved to withdraw, explaining that his review of the record failed to turn up any nonfrivolous issues to raise to this court. *See Anders v. California*, 386 U.S. 738 (1967). In the facially adequate brief accompanying his motion to withdraw, Madden's lawyer properly steers clear of any discussion of the voluntariness of his client's guilty plea because, he informs us, Madden does not wish to withdraw the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Instead the lawyer identifies one potentially meritorious issue—whether Madden's sentence is reasonable. Madden did not respond to his lawyer's motion to withdraw. *See* CIR. R. 51(b). Our review, then, is confined to the reasonableness of Madden's sentence. *See United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

During the last half of 2008, Madden was involved in a conspiracy to manufacture methamphetamine for sale in southern Illinois. Madden was responsible for cooking the product. He also was responsible for obtaining some necessary ingredients, including purchasing pseudoephedrine pills from pharmacies as far away as Kentucky and Missouri and stealing anhydrous ammonia from nearby farms. The leader of the conspiracy referred to Madden as his "sidekick" and his "right-hand man." Throughout this time Madden was serving a term of supervised release stemming from a conviction for manufacturing and possessing counterfeit currency. *See* 18 U.S.C. §§ 471-72. In December 2008 Madden was arrested for violating the conditions of his release, including, among other things, testing positive for methamphetamine. The officers who were tasked with taking Madden into custody noticed drug paraphernalia lying about his home; after obtaining Madden's consent to search, they uncovered a methamphetamine laboratory.

At sentencing Madden stipulated that he is responsible for 207.8 grams of methamphetamine, which produced a base offense level of 28. *See* U.S.S.G. § 2D1.1(a)(5), (c)(6). After subtracting 3 levels for acceptance of responsibility, *see id.* § 3E1.1, the district court determined that Madden's total offense level of 25 and criminal-history category of IV yielded an imprisonment range of 84 to 105 months. Madden asked the court for a below-guidelines sentence; he argued that he played an insignificant role in the conspiracy, he insisted that his past crimes mostly consisted of bar fights and other petty offenses, and he pointed out that he suffers poor health. He also wanted the court to take into consideration the fact that he already had served 8 months' imprisonment for violating the conditions of his supervised release. The district court listened carefully to Madden's arguments but, in the end, sentenced him to a within-guidelines term of 96 months.

We agree with counsel that any challenge to the reasonableness of Madden's sentence would be frivolous. The district court correctly calculated Madden's guidelines range based on his stipulation that he is responsible for over 200 grams of methamphetamine and his undisputed criminal history. We would presume that a sentence within the properly calculated guidelines range is reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vallar*, Nos. 07-3641, 08-1361, 08-3888, & 09-3484, 2011 WL 488877, at *3 (7th Cir. Feb. 14, 2011).

Given the district court's thoughtful application of the sentencing factors, *see* 18 U.S.C. § 3553(a), we don't see how Madden could overcome our presumption of reasonableness. The court explained that methamphetamine is "a particularly dangerous drug" that does grave harm to southern Illinois's communities. The methamphetamine conspiracy that Madden got caught up in was "pretty substantial," the court continued, and his role was not insignificant. As for Madden's criminal history, the court concluded that, at

the very least, the extent of his record showed that he "has a difficult time living by the rules of law." And the court was skeptical of Madden's argument that his chronic health conditions meant that his criminal ways were a thing of the past. Finally, to the extent that Madden was asking the court to take into consideration the 8 months' imprisonment he already had served for violating the terms of his supervised release, *see United States v. Gibbs*, 626 F.3d 344, 350 (6th Cir. 2010) (permitting a sentencing court to consider a "discharged sentence in weighing the § 3553 factors"), the court declined to do so, reasoning that the discharged term of imprisonment punished distinct conduct—namely Madden's *using* methamphetamine rather than his conspiring to manufacture and distribute the drug, not to mention other, unrelated violations of the conditions of his release. In light of all this, the court concluded that a sentence in the middle of the guidelines range was necessary to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public. We would be hard-pressed to find anything unreasonable about that determination.

We GRANT counsel's motion to withdraw and DISMISS the appeal.