NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014
Decided May 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 13-2809

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11cr00405-1 |
| MICHAEL R. BOBO, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

## O R D E R

Michael Bobo appeals his sentence for possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court concluded that Bobo's previous convictions rendered him an armed career criminal under 18 U.S.C. § 924(e)(1), and sentenced him to the fifteen-year statutory minimum prison term. Bobo's appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738,

744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, No. 13-1163, 2014 WL 1389090, at *2 (7th Cir. Apr. 10, 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Counsel informs us that Bobo does not want to challenge his conviction, so the lawyer appropriately omits discussion about the plea colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Bobo pleaded guilty to possessing a firearm as a felon in 2012. The plea agreement acknowledged the parties' disagreement about whether Bobo's convictions in 1999, 2006, and 2009 qualified him as an armed career criminal under § 924(e)(1).

At sentencing Bobo conceded that his 2006 and 2009 convictions qualified as predicate offenses under § 924(e)(1). But the 1999 conviction did not qualify as a predicate, he argued, because Illinois had sent him a "restoration of rights" form letter in 2002, after he completed his sentence for the 1999 conviction. Although the letter did not specify the conviction to which it applied, Bobo urged that the letter should be interpreted to cover all convictions within the custodial term, *see Buchmeier v. United States*, 581 F.3d 561, 567 (7th Cir. 2009) (en banc), including his 1999 conviction. The government countered that the letter applied not to Bobo's 1999 conviction, but to an unlawful-possession conviction in 2001, for which he recently had been released from custody and discharged from parole. Citing our decision in *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011), the government maintained that a restoration-of-rights letter is "conviction specific" and that the 2002 date included in the letter corresponded only with the discharge date of Bobo's parole for the 2001 conviction.

The district court agreed with the government that the letter did not apply to the 1999 conviction. The court alluded to the rationale of *Burnett,* and then counted the conviction as a predicate offense under § 924(e)(1).

Counsel considers whether Bobo could challenge his classification as an armed career criminal under § 924(e)(1), but properly regards such a challenge as frivolous. Illinois restoration-of-rights letters apply only to the convictions underlying the sentence that expired on the date included in the letter. *Burnett*, 641 F.3d at 896–97. Bobo's restoration-of-rights letter referred to a sentence that expired in 2002, so it cannot apply to his sentence for his 1999 conviction that expired in 2001.

Counsel next considers whether Bobo could argue that we should overturn *Burnett*. But recently we have twice affirmed that decision, *see United States v. Boyce*, 742 F.3d 792, 795–96 (7th Cir. 2014); *United States v. Ross*, 741 F.3d 743, 749 (7th Cir. 2013), and counsel is unable to identify a compelling reason that we should reconsider our position.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.